JONES, DRUMRIGHT & COMPANY *vs.* THACKER & COMPANY *et al.*

61 329
107 392
109 557

[Bleckley, Justice, having been of counsel in this case, Judge Bartlett, of the Ocmulgee circuit, was designated by the governor to preside in his place.]

1. Where complainants filed a bill to set aside a judgment, older than their own, and to enjoin the *fi. fa.* issued upon said judgment, from proceeding, and the defendants filed an answer in the nature of a cross-bill, setting up that their judgment was valid, and alleging that the property had been sold at sheriff's sale under the complainants' judgment, and that complainants had purchased the same and had not paid the purchase money to the sheriff, and that the sheriff and his securities were insolvent, with a prayer that complainants be decreed to pay the money to be applied to their *fi. fa.*:

*Held,* that there is equity in the cross-bill.

2. The complainant may dismiss his bill at any time, but the dismissal

of the complainant's bill, where the answer is filed in the nature of a cross-bill, must not prejudice the defendant, and therefore will not carry the cross-bill with it.

3. Where the sworn bill of complainant alleges a fact, the defendant need not prove it *aliunde*.

4. Purchasers of railroad stock at sheriff's sale, are not entitled to demand of the sheriff the certificates of purchase, without a tender of the purchase money.

5. Sheriffs' sales in Georgia are for cash, and no agreement between the sheriff and a purchaser of property at sheriff sale to dispense with the cash, especially after the sale, can affect the rights of plaintiffs in *fi. fa.*, or other creditors entitled to the money.

6. The purchaser at sheriff's sale who fails to pay cash for his bid, is not entitled to show that the property purchased has depreciated in value since the sale, especially where such purchaser is complainant in a bill in equity, and alleges therein that he did pay cash and the money was in the sheriff's hands.

7. The verdict of the jury is not against law and evidence.

Equity.   Practice in the Superior Court.   Levy and sale. Sheriffs.   New trial.   Before Judge HALL.   Spalding Superior Court.   February Term, 1878.

Jones, Drumright & Co. filed their bill against Thacker & Co. *et al.*, making, in brief, the following case :

One Sindall was largely engaged in business in Spalding county as a cotton buyer.   He became indebted to complainants in the sum of about $11,000.00, and to others in large amounts, Reynolds & Sons among them.   Sindall had but little visible property, but owned forty-eight shares of stock in the Sav. G. & N. A. R. R., which had been paid for.   He suddenly absconded.   Complainants sued out attachments on the debts due them and levied on the stock, the attachments being returnable to August term, 1871, of court.   At February term, 1872, judgment was had in favor of complainants against the stock as well as other property of defendant.   At the same term Reynolds & Sons obtained judgment for the amount of their claim.

Reynolds & Sons have had their *fi. fa.* levied on said shares, they have been sold, and the proceeds is in the hands of the sheriff with notice to hold the same for distribution.

Thacker & Co. pretended to be creditors, and instituted their suit in the United States court for the northern district of Georgia, to September term, 1871, for $5,000.00, and service was had at the late residence of Sindall long after he had left the state. Denies Sindall owed defendants. Charges there was a collusive agreement and arrangement between Sindall and Thacker & Co., by which Sindall suffered a judgment to go against him at first term of U. S. court, and thus placed Thacker & Co. in advance of other creditors as to the date of his judgment. Charges that the judgment was fraudulent and collusive, and it should not be allowed to claim proceeds of sale; and as it is claiming proceeds, asks a decree vacating it and an injunction restraining its enforcement. Charges that on a fair settlement, Sindall would owe Thacker & Co. nothing. Asks that the sheriff may be enjoined from paying out said money, except costs and expense of sales.

The answer of Thacker & Co. was substantially as follows:

When their suit was brought in the U. S. court, Sindall's family resided in the district, and legal service was had by leaving copy at Sindall's residence. The account was just and correct, and not false or fictitious. Sindall recognized it in writing, and there was no collusion or fraud in the procurement of the judgment, but all was done openly and fairly. This execution is of older date than all others, and is entitled to the money.

Afterwards, defendants amended their answer by way of cross-bill, in which they charged substantially as follows:

They are creditors of Sindall by judgment to the amount of $5,000.00 obtained in U. S. court, upon which *fi. fa.* has issued. It is of higher dignity than all others; deny that said judgment is fraudulent or fictitious, but allege that it is valid and regular; deny all fraud or collusion in obtaining it; allege that since the filing of their original answer in said case, the issues made by complainants in their bill, and denied in the original answer of defendants, viz: that said judgment

is void because obtained by reason of a fraudulent and collusive arrangement, etc., has been passed upon both in law and in equity, and the validity of said judgment in both trials sustained, and they plead said verdict and judgment in the trial of said issue, on the common law side of court, in bar to any inquiry into the validity of said judgment. Admit Sindall owned the shares of stock; it was levied on by Reynolds & Sons, and sold on the first Tuesday in June, 1872, for $2,400.00; but deny that said sum was paid to Gray, sheriff, subject to distribution ; but, on the contrary, charge that forty-four of said shares were bid off at the sale by Samuel Bailey, one of the firm of complainants, his bid, amounting to $2,200.00, being the highest bid.    The proceeds of said sale was claimed by defendants on their U. S. judgment, by Reynolds & Sons, and also by complainants ; notice to hold said money was given to the sheriff ; but instead of collecting said money, Gray, sheriff, permitted Bailey to retain the amount, subject to be paid on demand when called for.    Though the litigation had ended in favor of the defendants' judgment, and said fund has to be paid to defendants, yet Gray fails to collect, and said complainants refuse to pay into court said $2,200.00, Bailey saying said stock has become worthless, and that he has been unable to obtain from Gray certificates of shares so purchased.    Defendants charge that said certificates were tendered to complainants, and the money demanded before the stock became valueless, but complainants refused to accept the certificates and pay the money. Charge said amount cannot be made out of said Gray or his securities.    By way of cross-bill, defendants claim they are entitled to said amount ($2,200.00) besides interest. That Gray is out of office and insolvent, and his securities also.    That in answer to a rule, he says said fund is not in his hands, but in possession of Bailey.    Charges that Gray refuses to proceed against Bailey.    Pray for a decree against complainants for $2,200.00 with interest, to be applied to this debt.

Jones, Drumright & Co. demurred to the cross-bill on the following grounds :

1st. Because the answer by way of cross-bill is not such an answer as is allowable, according to the rules and practice of the courts of equity, to the original bill filed by these defendants.

2d. Because the original bill has been disposed of adversely to complainants, and the issue therein determined long before the filing of the cross-bill.

3d. Because defendants have a full and ample remedy at law.

They answered the cross-bill substantially as follows :

Admit defendants claimed to be creditors of Sindall. These defendants did allege that judgment of plaintiffs was fraudulent and void ; but on application for injunction, both in the superior and supreme courts, it was refused, and defendants to cross-bill have long since abandoned the prosecution of their original bill. They plead that the proceedings under said bill, and issue at law made to set aside said judgment constitute a bar to their original bill; that its issues have been adjudicated, and Thacker & Co. are not entitled to file their cross-bill. Admit Sindall was owner of the shares ; they were sold, some bid off by defendants, some by Thacker & Co.'s attorney. Bid of defendants amounted to about $2,200.00 ; bought because they were judgment creditors, and believed Thacker & Co.'s judgment collusive and fraudulent. Deny there was any agreement between the sheriff and themselves that they were to retain amount of sales to be paid on demand; on the contrary, they paid over to the sheriff some $300.00 or $400.00 on bid, and soon thereafter demanded of him to give them a certificate of sale of shares, that they might get a transfer on the books of the company, and proposed to give the sheriff a certificate of deposit for balance that might be due on bid, which said certificate was based on funds then in the Griffin Banking Company, a solvent bank, subject to their order. But Gray refused to receive said certificate. Defendants could get no

transfer, and soon aftdr the shares declined in value and became worthless. Deny that there was any judgment appropriating amount of sale to Sindall's judgment; but there is a rule vs. Gray now pending and undetermined. Know nothing of the insolvency of securities of Gray, or of his refusal to sue; deny all charges of fraud or collusion. They have done nothing to induce Gray not to sue them.

The jury found in favor of Thacker & Co. for $2,026.00. Complainants moved for a new trial, on the following among other grounds:

1. Because the court erred in not dismissing said cross-bill. [It appears in the bill of exceptions that complainants offered to dismiss their original bill and all the answers, etc. The court refused this, and stated that complainants could dismiss their own bill but not the cross-bill.]

2. Because the court erred in charging that the admission by complainants in their bill of the existence of the *fi. fa.* of Reynolds & Sons waived its being produced.

3. Because the court erred in charging that until Jones, D. & Co. paid, or offered to pay, the purchase money of said stock, they could not require the sheriff to issue a certificate of purchase.

4. Because the court erred in excluding evidence from the jury as to present value of the stock.

5. Because the verdict was contrary to law and evidence.

The court overruled the motion, and complainants excepted.

SPEER & STEWART, for plaintiffs in error, cited as follows: On demurrer, Story's Eq. Pl., §§402, 389; 3 *Kelly*, 424; 13 *Ga.*, 478; 14 *Ib.*, 571; 11 Ill., 194; 14 *Ga.*, 574; Adams' Eq., 751; 20 *Ga.*, 472, 731; 30 *Ib.*, 117, 393; Code, §4181. Dismissal of bill carries all, 2 Carter (Ind.) 90; 14 Ark., 346; 5 DeG. & Sm., 702; 3 DeG. M. & G., 80; 7 John. Ch., 250; 1 *Ib.*, 62. No equity, 5 *Ga.*, 400; Code, §3655. Exe-

cution not introduced or accounted for, 31 *Ga.*, 393. Sheriff may take note at sale, 30 *Ga.*, 653. On *res adjudicata*, 48 *Ga.*, 83 ; 56 *Ib.*, 51.

.E. W. Beck; Lanier & Anderson, for defendants, cited as follows : On demurrer, Code, §§3655, 4190, 4181 ; 44 *Ga.*, 65. Sheriff's sales, Code, §§3655, 2626 ; 5 *Ga.*, 400 ; 38 *Ib.*, 259 ; 19 *Ib.*, 298. Contrast 31 *Ga.*, 393.

Bartlett, Judge.

1. There was no error committed by the court below in over-ruling complainants' demurrer to the cross-bill of defendants, and in refusing to dismiss the same. There was equity in the cross-bill; the court having obtained jurisdiction of all the parties, and subject matter, should not have compelled the defendants in the bill to resort to other proceedings to accomplish the same purpose, when it could then, and in the case then before it, finally settle the rights of all the parties. The complainants certainly should not complain that the court of equity was not the proper *forum*, since it was the one of their own selection, and they had first brought the defendants within its jurisdiction. We see no reason why the defendants could not recover the purchase money for the shares purchased at the sheriff's sale ; they were the real parties at interest, and the sheriff would have been a mere nominal or formal party. See Code of 1873, section 3656. The defendants had assumed the character of complainants ; were seeking to have a decree and judgment against Jones, Drumright & Co.; the allegations in their cross-bill contained an equitable cause of action against the complainants, and they were entitled to have their cause proceed, heard and determined, on the issues as made by the pleadings in the case. 5 *Ga.*, 400.

2. Nor did the court err in refusing the motion to dismiss the original bill of complaint, and with it the answer filed in the nature of a cross-bill. The court proposed to allow

complainants to dismiss their bill, but refused to dismiss the cross-bill. There can be no doubt that the court was right in this ruling. The complainants could, at any time, either in term time or vacation, dismiss their bill, so they did not thereby prejudice any right of the defendants. Code of 1873, section 4190. The object of the complainants was not so much to dismiss their own bill as to dismiss the cross-bill. This they could not do, under any rule of law or equity that we are aware of, or have been able to find. True enough, parties have a right to say what direction they will give their causes, and the complainants in this bill might have dismissed their bill at any time; but the dismissal of their bill should not, and could not, have prejudiced the defendants, and could not have carried the cross-bill with it.

3. The court charged the jury " that if complainants in the original bill, set out that the property was sold under an execution in favor of Reynolds & Sons this admission in their bill, that the stock was sold under such execution, will supersede the necessity of producing the *fi. fa.* of Reynolds & Sons, on the part of Thacker & Co., and introducing the same in evidence to the jury." Admissions of parties to the record are admissible in evidence, when offered by the other side, with a few exceptions. The complainants were not within either of the exceptions. Code of 1873, section 3784. They had, in the bill, alleged the sale of the railroad stock, under the *fi. fa.* of Reynolds & Sons; the allegations in the bill were *sworn* to; why should defendants prove *aliunde*, a fact alleged and sworn to by complainants, and which was not contradicted by defendants? They were admissions of complainants, and were admissible, competent and sufficient evidence.

4. Sheriff's sales in Georgia are for cash—any other rule would breed the utmost confusion and fraud in the enforcement of judgments and *fi. fas.* No agreement of the sheriff with the purchaser of property sold at sheriff's sale, especially after such sale, to dispense with the cash, can affect the rights of the plaintiffs in *fi. fa.*, or other creditors of the de-

fendant whose property is sold. They are entitled to the proceeds of sale at once, if there be no dispute between the creditors as to priority of liens; and when the sheriff is unable to decide which creditor is entitled to the money, he has no authority to credit the purchaser for the purchase money until the disputes between the creditors are settled by the courts. Such an agreement is illegal and a nullity, and the sheriff may demand the purchase money at the time, and upon the failure of the purchaser to comply with the terms of sale, the sheriff may, at his option, proceed against the purchaser for the full amount of his bid, or resell the property, and proceed against the first purchaser for any deficiency. Code, §3655. Sheriffs are mere ministerial officers, and have no authority to change the terms of their sales—which the law says shall be for cash. Certainly not after the sale is made, and without the knowledge or consent of the parties interested.

5. The other questions made by the record are sufficiently disposed of in the head-notes. We find no error in the charge of the court, upon the facts as disclosed by the record. The verdict was a proper one under the facts, and the law as applicable thereto. The law was properly and fairly given in charge; the evidence not only authorized but required the verdict that was rendered, and there is no reason why it should be disturbed. We therefore affirm the judgment of the court below in overruling the motion for a new trial.

Judgment affirmed.