Ryan, administrator, *v.* Fulghum, and *vice versa.*

1. The motion to dismiss the equitable petition of the plaintiff below, on the grounds that there was no equity in the petition and that it set forth no cause of action, was properly sustained, although made *ore tenus* and not until the trial term.

2. Where a bill of exceptions was brought to this court and the defendant therein had sued out a cross-bill of exceptions, and while both were pending here the plaintiff in error in the main bill of exceptions died, the effect of making his administrator a party plaintiff in error in that bill of exceptions was to make him a party defendant in error to the cross-bill of exceptions.

3. A nonsuit in an action of ejectment does not conclude the plaintiff from subsequently asserting the same title in another action; especially is this so, where the first suit is brought by him in his individual right, and the second in his capacity as administrator of the estate of another.

4. Inasmuch as the defendant's answer, in the nature of a cross-bill, alleged facts entitling him to independent and distinct equitable relief, the dismissal of the plaintiff's petition did not interfere with the defendant's right to a hearing and trial on the matters set up in his answer, and this being so, it was error to dismiss the same.

May 13, 1895. Brought forward from the last term.

Equitable petition. Before Judge HUNT. Pulaski superior court. November term, 1893.

L. C. RYAN and J. H. MARTIN, for plaintiff.

W. L. GRICE, JORDAN & WATSON and PATE & BRIGHT, for defendant.

ATKINSON, Justice.

The plaintiff filed his petition against the defendant, alleging in himself a prescriptive title to the premises in dispute; alleging further, that previous to the filing of his petition, the defendant had instituted an action of ejectment against him for the recovery of the land in question, and upon the trial of that case had been nonsuited. He alleged that the defendant threatened to enter and take possession of the premises; was then making preparations to that end; was still claiming title to the premises; that his claim of title was fraudulent, and that he, the plaintiff, apprehended a serious injury to himself unless restraining order would be granted. There was no allegation of the insolvency of the defendant; there was no identification of the particular title deeds claimed by the plaintiff to be fraudulent; there was no allegation of any damage to the plaintiff. A restraining order issued. The defendant answered, admitting the former action, but in explanation of the nonsuit granted thereunder, alleged that the suit was brought by him in his individual capacity against the plaintiff; that he bought the land from the former administrator of John Rainey, who was the true owner of the land; that by mistake the order authorizing the sale by said administrator was granted upon the same day that letters of administration were granted to him, and the sale was therefore void, leaving the title still in John Rainey; that he thereupon himself sued out letters of administration *de bonis non* upon the estate of John Rainey, and that he now claims the property by virtue

of such administration, as the property of the estate of
John Rainey. He alleged that no one was in possession
of the premises until he himself took possession and
constructed thereon a small cabin. He denied that he
was a trespasser, but claimed the rightful possession of
the premises. As an amendment to this answer, he filed
an additional answer, in the nature of a cross-bill, in
which he alleged that he was the true and lawful owner
of the premises in dispute; that the plaintiff was him-
self insolvent, and that pending the continuance of the
restraining order granted upon the prayer of his origi-
nal petition, the plaintiff had himself entered upon the
premises in defiance of the right of the defendant; was
engaged in cutting and carrying away the wood and
timber thereon, to the injury and damage of the defend-
ant. The case coming on to be heard, the plaintiff
moved to strike the answer of defendant, upon the
ground that the whole matter set up by the cross-bill
was *res adjudicata*, for that at a former term of the su-
perior court of that county, which court had full, ample
and sole jurisdiction of the matter, the defendant had
brought an action against the plaintiff for this particu-
lar piece of land; that the defendant upon the trial of
that case had been nonsuited, and the judgment of non-
suit was conclusive in the case; and upon the further
ground that defendant cannot defend his individual case
by setting up a representative capacity. The court sus-
tained this demurrer, and dismissed the cross-bill of the
defendant, and to this judgment the defendant excepted.
After this had been done, the defendant moved to dis-
miss the plaintiff's petition for the want of a cause of
action. The plaintiff objected to the consideration of
this motion made on the part of the defendant, upon
the ground that it came too late; that it should have
been made at the first term of the court. The court
overruled this objection, proceeded to a consideration of

the defendant's motion to dismiss, and made an order dismissing the plaintiff's petition. The plaintiff excepted to this ruling; and upon the direct and cross-bill of exceptions, all of the rulings of the court are here for review. In dealing with these questions, we will present them in the inverse order in which they were considered in the court below.

We think the court properly ruled that the plaintiff's petition contained no cause of action. It was a simple application for an injunction to restrain an ordinary alleged trespass of that class wherein the insolvency of the defendant is essential to the maintenance of an equitable petition. There was a prayer for general relief, but no facts were alleged upon which a decree for general relief could have been predicated. There was no injury alleged to have been committed. The bill was filed upon a bare apprehension that a trespass might be committed. It is true that there was, in general terms, an allegation that the defendant was claiming the property under some pretended title, and a prayer that the title be decreed to be delivered up for cancelation. There was no identification of the particular paper or papers sought to be canceled, nor a suggestion as to how or wherein the deed or deeds was or were fraudulent. So that, placing the most favorable interpretation upon the plaintiff's petition that could have been given to it, there was scarcely the semblance of a cause of action stated in it. It is never too late to move to dismiss a petition for the want of a cause of action, until after verdict. If its infirmities then be not cured by the verdict, a motion in arrest of judgment will serve the same purpose which would be accomplished by a motion to dismiss before judgment. The defendant's answer having already been stricken upon the plaintiff's motion, before the motion to dismiss the plaintiff's petition was made, if the answer itself contained any admissions

which might have been favorable to the plaintiff, upon his own motion he placed the pleadings of the defendant where they could not avail him. So that, under no view of this case, did the court commit any error in dismissing the petition of the plaintiff.

We come now to deal with the answer of the defendant. We think the court took too seriously the proposition that the defendant in the case was concluded as to his claim of title by the judgment of nonsuit upon the trial of the former ejectment case. In the first place, that suit was instituted by him in his individual capacity. Upon the introduction of his evidence, it appeared that he had no title. The court awarded a judgment of nonsuit, which operated simply as a dismissal of his then pending action. The code provides that a judgment of nonsuit or the dismissal of an action shall not conclude the party against whom that judgment of nonsuit or dismissal is entered, but he may thereafter bring his action, if not otherwise barred by the statute. Aside from this, the exact title submitted to the court by the respondent in his answer, was not the title upon which the judgment of nonsuit had been awarded. The answer, in the nature of a cross-bill, set up title in him as administrator upon the estate of John Rainey, and, so far as this record discloses, the title of his intestate had never been called in question in any controversy with the present plaintiff respecting the land in question. We conclude, therefore, that there was no estoppel on him, and he was free to assert, if otherwise entitled so to do, his title as administrator as against this plaintiff. His answer, in the nature of a cross-bill, alleged a complete title and possession in himself as administrator; it alleged the insolvency of the plaintiff; it alleged that since the grant of the original restraining order, at the suit of the plaintiff, the plaintiff had entered upon the land while he, the defendant, was thus restrained, and,

without title, was proceeding to cut and carry away the timber and wood upon that land. He prayed an injunction against the plaintiff, and, in addition thereto, that the plaintiff be required to deliver up for cancelation his deed attached to his petition under and by virtue of which he claimed title to the land; and also for such other and further relief as the facts of the case might seem to require or warrant, and especially that the lot of land in controversy be decreed to be the property of the defendant. We think the cross-bill of the respondent set up such a cause of action as entitled the defendant, upon proof of the facts therein stated, to some relief at the hands of the court. The dismissal of an equitable petition will not have the effect to carry out with it an answer filed in the nature of a cross-bill, in which independent equitable relief is prayed by the defendant. And upon the equities stated in this cross-bill this defendant is entitled to be heard.

*Judgment on main bill of exceptions affirmed.*
*Judgment on cross-bill of exceptions reversed.*