### REAVES *v.* MEREDETH.

SIMMONS, C. J. 1. Where one filed an equitable petition seeking to enjoin the sheriff from putting the purchaser at sheriff's sale in possession of certain land, on the ground that the plaintiff was holding the land adversely at the time of the judgment, and also that the land was sold for the debt of the plaintiff's husband, for which she was not liable, and prayed that the deed made by the sheriff to the purchaser be canceled, it was error to strike the answer of the defendant, in the nature of a cross-bill, wherein he denied the material allegations of the petition, and alleged that the deed under which the plaintiff claimed was void on account of fraudulent collusion between the plaintiff and her husband, and made other allegations going to show that her claim was fraudulent, and prayed for the cancellation of her deed, and for the recovery of rents from her.

2. While the defendant in the court below may not have had the right in the first instance to resort to a court of equity for relief, yet, where the plaintiff resorted to a court of equity and brought the defendant into that court, the defendant may set up in his answer, by way of cross-bill, any defense, legal or equitable, which he may have, and may obtain affirmative relief against the plaintiff.

3. While the code forbids a sheriff to put a purchaser in possession of land sold by him, when another person is in possession and has held it adversely to the defendant in fi. fa. from a time before the judgment against such defendant, the purchaser, when brought into equity by the party in possession, may, by answer and cross-bill, make such issues as to fraudulent and collusive title as necessarily would arise in an action of ejectment between the same parties. The issue made by the petition and answer and cross-bill was as to the title and right of possession of the land, and the court should not have stricken the answer and cross-bill.

*Judgment reversed. All the Justices concur.*

Argued June 23, — Decided July 14, 1904.

Equitable petition. Before Judge Mitchell. Colquitt superior court. December 3, 1903.

*J. D. McKenzie, H. C. McKenzie,* and *Shipp & Kline,* for plaintiff in error, cited Civil Code, § 4837.

*T. H. Parker, T. W. Mattox,* and *Mayson, Hill & McGill,* contra, cited Civil Code, §§ 3921, 5468; *Ga. R.* 45/201, 203; 52/632; 63/518; 98/240; 106/834; 43/78; 46/538.