*Goetchius & Chappell,* contra.

---

### PEARSON *v.* COURSON *et al.*

1. Where the vendor and vendee of land, under an executory contract of sale, agree with a third person that such person is to take the place of the original vendor, and is to make the vendee a deed upon payment to such third person of the balance of the purchase-money, such third person, by substitution, sustains the relation of vendor to the original vendee.

2. A vendee in actual possession, under an executory contract for the purchase of land, may, in equity, upon full payment of the purchase-price, compel the execution of a deed. His remedy will not be defeated by the fact that the vendor, who did not have record title, but who had contracted for title, caused the deed to be executed to a volunteer, and not

to himself. In such case the volunteer may be required to execute the deed.

3. (a) In a suit against the vendor and the volunteer for all the relief mentioned in the foregoing headnote, the person who, at the instance of the vendor, executed the deed to the volunteer, was not a necessary party.

(b) If the vendor and volunteer are both parties to the suit, the vendee may also, as against them, obtain a decree establishing his title and quieting the right to possession.

4. In a suit of the character indicated by the foregoing headnotes, the plaintiff may amend by alleging that the deed to the volunteer has not been delivered; but the plaintiff will assume the consequences of the effect of so amending.

5. The plaintiff may, as a matter of right, strike the name of one of several defendants, where such defendant prays no relief against the plaintiff or any codefendant; but in so amending, the plaintiff takes the risk of the effect which the exercise of the right may have on the case.

Submitted June 11,—Decided December 20, 1907.

Petition for specific performance. Before Judge Holden. Hancock superior court. September 26, 1906.

This is a suit to compel the specific performance of a contract for the conveyance of land, and for other relief. The declaration in substance alleged the following: Mrs. Guill was the owner of a tract of land. She sold it to Pearson, the plaintiff, giving him a bond for title and taking notes for the purchase-money. By her permission Pearson immediately entered and continuously remained in actual possession until the filing of the suit. While in possession, after Pearson, by payments, had reduced the amount owing on the purchase-money to $224, Mrs. Guill conveyed the land to Lewis and transferred to him the purchase-money notes for said balance. Afterwards, and while the balance of $224 was owing on account of the purchase-money, Pearson entered into an agreement with Lewis and one T. N. Courson, to the effect, that Courson should pay Lewis the said balance of purchase-money and take a deed from Lewis; that Pearson should repay the $224 to Courson, and interest thereon at the rate of 10 per cent. per annum, said amount payable by delivery to T. N. Courson of 800 pounds of lint-cotton in the fall of each year, to be sold at the current prices and to be applied as payments of the balance due on said purchase-money, until a sufficient sum had thus been realized to repay the debt, at which time Courson should convey the land to Pearson; that under this arrangement T. N. Courson paid the $224 to Lewis,

42

but, instead of having the deed made to himself, Courson, without Pearson's knowledge or assent, had Lewis make the deed to N. C. Courson, the father of T. N. Courson, who paid no consideration and who was in no wise connected with the transaction, nor had any interest therein. N. C. Courson afterwards died, and T. N. Courson was executor of his will. Sufficient cotton was delivered to T. N. Courson to repay the $224 with interest, and a deed in pursuance of the contract was demanded and refused. T. N. Courson not only refused to execute a deed but asserted title and sought to compel Pearson to pay rent. The suit was brought against T. N. Courson as an individual and as an executor. Among other things the plaintiff prayed: "That the contract between your petitioner and Dr. T. N. Courson, as verbally alleged, be specifically performed; that a decree of this court be entered, declaring your petitioner to be the owner of the above-described land; that his possession be quieted as against the claims of Dr. T. N. Courson and of the estate of N. C. Courson, deceased." It was sought to amend the declaration by striking therefrom T. N. Courson in his representative character, leaving the case to stand against him in his individual capacity only; also, by alleging that the deed from Lewis to N. C. Courson had never been delivered. The judge refused to allow the amendment, and dismissed the petition on general demurrer. The plaintiff excepted.

*R. L. Merritt,* for plaintiff. *W. H. Burwell,* for defendants.

ATKINSON, J. 1. Under the allegations of the petition, while Pearson was in actual possession under an executory contract to buy, Lewis bought from Mrs. Guill, taking a deed and agreeing, upon payment of the balance of the purchase-money, to execute a deed to Pearson. This agreement was ratified by Pearson, who continued to pay interest to Lewis, and otherwise manifested his consent to the transaction. Under these circumstances, Lewis assumed the position of Mrs. Guill, and the relation of vendor and vendee arose between Lewis and Pearson. By the subsequent contract between Lewis and Pearson and T. N. Courson, T. N. Courson assumed the position of Lewis, and the relation of vendor and vendee arose between T. N. Courson and Pearson.

2. After the relation of vendor and vendee arose between T. N. Courson and Pearson, the latter paid to the former all the purchase-money. Under a familiar rule, stated in the Civil Code, §4037,

and numerous decisions cited thereunder, full payment of the purchase-money, with nothing more to be done by Pearson in order to comply with his contract, entitled Pearson to the remedy of specific performance. His remedy was not defeated by the fact that after the agreement between Lewis and Pearson and T. N. Courson, and before the purchase-money had been paid, but while Pearson was in actual possession, T. N. Courson, without Pearson's knowledge or consent, induced Lewis to make the deed, not to himself, but to his father, N. C. Courson, a mere volunteer, who was not a party to the contract, nor had paid value. Under these circumstances, N. C. Courson could not, under any theory involved in the facts alleged, acquire as against Pearson a title, either from Lewis or T. N. Courson, except subject to Pearson's rights. He was a mere substitute offered by T. N. Courson as a depositary for the record title. After payment of the purchase-money to T. N. Courson, in addition to other possible remedies, Pearson could, in equity, compel N. C. Courson to execute a deed. Pomeroy on Con. (2d ed.), §465; *Bryant* v. *Booze,* 55 .*Ga.* 438.ᗡ In this instance, · Pearson resorted to that remedy.

3. Lewis was not a necessary party, because the remedy adopted by Pearson was no attack upon the deed executed by Lewis. On the contrary, it was an adoption of the deed. The effort was merely to ratify the deed which Lewis had made, and to obtain a decree which would pass the record title on to the person intended by the contract. In view of the remedy adopted, Lewis had no possible interest involved. The only persons whose interests could be affected were the two Coursons, both of whom were properly before the court as parties defendant. With them before the court, full equity could be administered; and it would therefore be competent for the court also, as against them, to enter a decree judicially establishing the title of Pearson and quieting the right to possession. The petition was not amended. It was erroneous to dismiss the case on general demurrer.

4. The proposed amendment, averring that the deed from Lewis to N. C. Courson was not delivered, would have materially affected the plaintiff's case, and, in order to obtain a decree for specific performance, would have rendered Lewis a necessary party. If the deed had not been delivered, the record title would still be in Lewis, and he would have a right to be heard before it could be adjudicated

out of him. There was no offer to make him a party. But other relief, founded upon a perfect equity, the equivalent of legal title, was sought in a decree judicially establishing Pearson's title as against the two Coursons, and quieting his possession as against their claims. Sufficient allegations were made to have authorized a decree of this character, although, for the reasons already stated, no decree against Lewis, requiring him to make a deed, could be made. Allegations in the original petition, which were sufficient to authorize that character of relief, were certainly sufficient to amend by. The amendment was germane upon that feature of the case, and was not of such character as to add or substitute a new cause of action. Its effect was eliminative, not additional or substitutive. The relief obtainable with the amendment allowed would not be as extensive as if it were not allowed, but, under the allegations in the present case, that is a mere matter of choice for the plaintiff.

5. So, too, with respect to the amendment offering to strike the name of N. C. Courson as a party defendant. The plaintiff has the right at any time, by amendment, to strike the name of one or more defendants, provided a codefendant has not prayed for any relief against such defendant, or cross-relief has not been prayed against the plaintiff; but in so amending, the plaintiff must abide the consequences. *Coston* v. *Coston, 66 Ga.* 382; *Walker* v. *Wadley, 124 Ga.* 275 (6). In this case, T. N. Courson, the only codefendant, had not prayed for any relief against the estate of N. C. Courson, nor had any cross-relief been prayed against the plaintiff. The plaintiff should have been allowed to amend by striking the name of the legal representative of such estate as a party defendant.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*