## GURR *v.* BRINSON.

Under the facts of this case, the court did not err in overruling the motion to strike so much of the defendant's answer as sought to set up a cross-demand, nor in refusing to dismiss the whole case on motion of the plaintiff.

SEPTEMBER 24, 1912.

Equitable petition. Before Judge Conyers. Wayne superior court. April 25, 1911.

F. B. Gurr instituted suit returnable to the November term, 1909, of the superior court, against Brinson, alleging that they became purchasers of certain electric-lighting, ice, and turpentine plants, and entered into a contract to operate the same; each to receive from the earnings of the business specified amounts 'as monthly salary, and all of the net earnings to be turned over to the person from whom the property was bought, until the purchase-money should be fully paid, when they should receive deeds to the property. Gurr alleged that the relation thus created between him and Brinson was that of partners, and that they carried on business under such arrangement for some three months, but that Brinson committed certain acts alleged to furnish grounds for dissolution of the partnership. The prayers were, for injunction and receiver, dissolution of the partnership, an accounting between the parties, and general relief. The defendant's answer admitted the substantial allegations of the petition, except as to the charges relied on as grounds for dissolution; and set up specially, that plaintiff and defendant entered into a contract with L. Carter, with whom they had negotiated for the purchase of the partnership property, to the effect that defendant should receive $60 per month. for his

services and Gurr $20; and that when the property was paid for, then Carter should execute to plaintiff and defendant a deed conveying the property; and that the defendant "continued to work and run said plant and place of business" for nearly three months at $60 per month, and there is still due him for his labor and services the sum of $65, "for which this defendant prays the right to recover in said case." This answer was lodged in the clerk's office for filing before the appearance term. On the 16th day of March, 1910, plaintiff's counsel, in vacation, entered an order of dismissal on the petition of file in the clerk's office. At the April term, 1911, the case was called in its order for trial, and counsel for defendant contended that the order of dismissal was ineffective, for the reason that the answer contained "a plea of set-off." Plaintiff's counsel demurred to that portion of the answer relied on as a set-off by the defendant, on the ground that it was fatally defective and insufficient in law, because there was no allegation in said plea that plaintiff was indebted to the defendant in any sum whatever, nor was there any prayer for any judgment against plaintiff in said plea or answer; and because said plea did not allege any individual indebtedness due by plaintiff to defendant, nor did it allege that any balance had been struck "between plaintiff and defendant, who were partners as shown by the pleadings, nor that plaintiff was due defendant anything on account of such balance; and because said plea did not allege that upon an accounting between the partners, and a settlement of the partnership matters, plaintiff was indebted to defendant in any sum whatever;" and upon such grounds the plaintiff moved to strike that portion of the defendant's answer and also to dismiss the entire case. The judge overruled the motion to strike and refused to dismiss the case. The plaintiff assigns error on these rulings.

*Wilson, Bennett & Lambdin,* for plaintiff.
*James R. Thomas,* for defendant.

ATKINSON, J. (After stating the facts.) A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding. Civil Code, § 5548. The petition, among other things,

sought an accounting between the plaintiff and the defendant as partners. The plea was not as full as it might have been in regard to such amount as might be due the defendant on an accounting, and might have been open to special demurrer made in due time; but it did set up in substance that the defendant was entitled to $65 from the partnership. In view of the prayer in the petition for an accounting, this cross-demand contained in the defendant's answer was not so defective as to be a proper subject for dismissal on general demurrer or on any of the grounds contained in the motion. Accordingly, the judge did not err in refusing to strike this part of the answer, or in refusing to dismiss the entire case on motion of the plaintiff.

<em>Judgment affirmed. All the Justices concur.</em>