## HARDMAN, administrator, *et al. v.* BARROW.

PER CURIAM.   1. Where a suit is instituted to prevent the holder of shares of stock in a corporation from voting the stock at a corporate election, to enjoin the sale or encumbrance thereof, and to cancel the certificate of such stock issued by the corporation to the holder in lieu of original certificates theretofore issued to the plaintiff, an answer setting up that the stock was held as collateral security for a described indebtedness owing by the plaintiff to the defendant, and praying for a judgment for the amount of the debt, and a special lien against the collateral, is germane.   Civil Code (1910), § 4522; *Ray* v. *Home &c. Investment Co.,* 106 *Ga.* 492 (3), 495 (32 S. E. 603).

2. Where shares of stock were unqualifiedly assigned in writing, with express power to have them transferred on the books of the corporation, and the assignee received the certificates of stock as collateral security

for a negotiable promissory note made to him by the assignor, the former or his assigns could surrender the certificates to the corporation, and receive a certificate of the same character for an equal number of shares in his own name, to be held as collateral security for the debt, and, while so holding, could vote the stock at corporate elections held under the by-laws of the corporation, which provided that no person should have the right to vote stock except those in whose names the stock stood on the books of the company. 22 Am. & Eng. Enc. Law, 907; Jones, Col. Sec. (3d ed.) § 441; Colebrooke, Col. Sec. 493; 10 Cyc. 332.

(a) The ruling here made does not conflict with the rulings in the cases of *Ullman* v. *Brunswick Title Guaranty Co.*, 96 *Ga.* 625 (24 S. E. 409), and *Halliday* v. *Bank of Stewart County*, 112 *Ga.* 461 (37 S. E. 721).

3. It was erroneous to strike so much of the plea as set up the cross-demand, and on the agreed statement of facts to render judgment for the plaintiff, enjoining the defendant from voting the stock, and canceling the substituted certificate of stock.

*Judgment reversed. All the Justices concur.*

No. 231. FEBRUARY 13, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. February 15, 1917.

*John R. L. Smith* and *Grady C. Harris,* for plaintiffs in error.

*A. L. Dasher Jr.,* contra.