## DeLAY v. LATIMER.

The plaintiff may, as a matter of right, strike the name of one of several defendants, where such defendant prays for no relief against the plaintiff or any codefendant.

No. 2170. APRIL 13, 1921.

Mortgage foreclosure. Before Judge Bell. Fulton superior court. May 19, 1920.

W. Carroll Latimer, as assignee of a mortgage on realty dated in 1899, sought to foreclose it in equity against the mortgagor, J. M. DeLay, a non-resident of the State, making the latter's wife, L. V. DeLay, codefendant. The petition alleged, among other matters, that the wife, subsequently to the execution of the mortgage and the creation of the debt it was given to secure, had the realty set apart to her and the minor children of herself and husband, as a homestead out of his estate; that there was a waiver of homestead in the notes secured by the mortgage, which were of even date

with it; that the minors are of age, the wife occupies the dwelling on the mortgaged premises, which is in a dilapidated condition, and she is unable to make any repairs, and that the property is deteriorating in value. The prayers are, for judgment against the defendants for the debt with interest, that the mortgage be declared a lien upon the premises for the principal and interest of the debt as set out, that the mortgage be foreclosed, the equity of redemption barred, the land be sold to pay the debt; and that process issue against the defendants. Under the order of court service was perfected by publication upon the non-resident mortgagor.

Mrs. DeLay demurred to the petition, on the grounds: (1) it sets out no cause of action against her; (2) there is no equity in it; (3) there is an adequate remedy at law; and (4) on special grounds to several paragraphs. The special grounds of demurrer were met by amendment; grounds 1, 2, and 3 were overruled, and the demurrant filed exceptions pendente lite to this ruling, and assigned error thereon in a bill of exceptions. Mrs. DeLay in her original answer avers that the mortgaged property was purchased with her money, title thereto taken in the name of her husband without her knowledge or consent, and mortgaged without her knowledge or consent; that upon learning these facts as to the deed and mortgage, being advised by counsel that she could obtain a homestead in the property which would take precedence over the mortgage, and being apprehensive that if she should seek to assert her perfect equity in the property her husband would be prosecuted criminally, she applied for a homestead and had it set apart in the mortgaged premises as the property of her husband. " And she alleges that on account of the position of duress in which she was placed, and the bona fide mistake about her rights under the homestead, she ought not now to be precluded from setting up her equity in the land." Further, she alleges she took the homestead to prevent the property from being sold under foreclosure of the mortgage, this purpose being known to the mortgagee, who was duly notified of her application for homestead and made no objection. She took possession of the homestead property with the understanding that her homestead was superior to the mortgage, which claim of hers was known to the mortgagee, and she has been in the peaceable, continuous, and adverse possession of the property for more than seven years, and therefore says

that the lien of the mortgage can not now be asserted as against her right. Furthermore, she avers that petitioner and those under whom he claims have been guilty of laches, by acquiescence for so long a time in the enjoyment by the defendant of her homestead rights, and they have thereby waived their claim of priority by reason of the alleged waiver of homestead in the notes secured by the mortgage, and ought not now to be allowed to assert the lien of the mortgage.

At the trial term the wife amended her answer by setting up usury in the notes secured by the mortgage, and averring that therefore the waivers of homestead in the notes and mortgage are void, and that the mortgage can not prevail against the homestead rights of the defendant. After the allowance of the amendment petitioner moved to strike the wife's name as a party defendant, and to dismiss the case as to her. This motion was sustained by the court, over objection of the wife " that she had the right to have a trial and an adjudication of the court upon the issues made by her pleadings, so as to determine whether the plaintiff's mortgage was superior to her homestead, or whether, by reason of the facts alleged in her pleading, her homestead was superior to the plaintiff's mortgage." On the order dismissing her from the case she assigned error in a bill of exceptions, on the grounds that the mortgagor was not served personally, but by publication, that he entered no appearance, made no defense to the suit, and therefore " the case was a contest in rem between the alleged holder of the mortgage, who was the plaintiff, and the claimant of the homestead, to wit, the defendant. . . Wherefore the court could not, on a mere request or motion of the plaintiff, without any legal reason therefor, and over the objection of the defendant . . dismiss her as a party to the suit."

The trial proceeded against the mortgagor alone, and resulted in a verdict of foreclosure of the mortgage for the principal and interest due on the note, and barring the equity of redemption.

*A. H. Davis,* for plaintiff in error.

*Albert E. Mayer* and *W. Carroll Latimer,* contra.

FISH, C. J. (After stating the foregoing facts.) The Civil Code (1910), § 5688, provides, that when two or more persons are sued in the same action, either on a contract or for a tort, the plaintiff may amend his declaration by striking out one or more of such de-

fendants, and proceed against the remaining defendant or defendants, if there is no other legal difficulty in the case. The defendant dismissed from the suit set up various grounds in her original answer and the amendment thereto why the petitioner's claim to foreclose the mortgage should be denied, but she prayed for no affirmative relief, either against the plaintiff or her codefendant, and therefore no legal difficulty is presented why the petitioner should not exercise his statutory right to discontinue the case as to her by having her name stricken as a defendant. *Bower* v. *Cohen,* 126 *Ga.* 35, 37 (54 S. E. 918) ; *Pearson* v. *Courson,* 129 *Ga.* 656 (5), 660 (59 S. E. 907).

As the defendant in her answer prayed for no relief, the fact that the suit to foreclose the mortgage may in the circumstances be a proceeding in rem does not affect the ruling made.

*Judgment affirmed. All the Justices concur.*