*D. R. Bryan* and *T. S. Hawes,* for plaintiff.

---

## TROUP *et al. v.* MARTIN *et al.*

Where suit is brought against two defendants, and the answer of one of them prays for affirmative relief germane to that set up in the original petition, an amendment to the petition striking that portion making such defendant a party does not authorize a dismissal of the answer praying for affirmative relief.

No. 4055.    APRIL 23, 1924.

Complaint.    Before Judge Crum.    Ben Hill superior court. July 26, 1923.

As originally brought the suit by Martin et al. sought a judgment against Pearlie Troup and J. C. Troup for the principal amount, and ten per cent. of principal and interest as attorney's fees, upon a promissory note executed by Pearlie Troup to J. C. Troup, and alleged to have been transferred to petitioners before maturity for a valuable consideration.  The answer of the defendants set up, that at the time of transfer to the petitioners the note was the property of J. C. Troup; that it was transferred in payment for a gasoline engine, which the petitioners fraudulently represented was in first-class condition and would pull a woodsaw, for which purpose J. C. Troup bought the same; that the transfer of the note was obtained through fraud and without any consideration, because said engine was worthless, would not run, and would not pull a wood-saw; that when this fact was discovered by J. C. Troup he tendered the engine to petitioners and demanded return of the note; that they accepted the engine and converted it to their own use, but refused to return the note; and that said note legally and equitably belongs to J. C. Troup.  They prayed that title to the note be decreed to be in J. C. Troup, and that the

contract for the sale of the engine be rescinded because of the fraud alleged. Subsequently the defendants amended their answer by setting up that the statements by the agent and representative of petitioners were made falsely and fraudulently for the purpose of inducing J. C. Troup to act, and that he did act and rely upon such statements in buying said engine; and Pearlie Troup set up that he had been notified by J. C. Troup that the transfer of the note was obtained by petitioners through fraud and without consideration, and that J. C. Troup claimed title to the note; and averred that he was then, and at all times since maturity had been, ready to pay the note as soon as the question of title thereto should be determined. On July 26, 1923, J. C. Troup filed an amendment to the answer, setting up that because of the failure of consideration for the transfer of said note through the false and fraudulent representations of petitioners, said note belongs to him, and that he is entitled to whatever amount is due on said note by Pearlie Troup; and praying that it be determined that he is not indebted on said note as an endorser, that whatever amount is recovered by the petitioners against Pearlie Troup be held and determined to belong to J. C. Troup, that he have the right to receive the same, that petitioners be enjoined from receiving any amount that may be recovered on the note against Pearlie Troup, and that J. C. Troup recover of Pearlie Troup the amount due on said note. On the same day the petitioners filed an amendment striking J. C. Troup as a party defendant, and the claim for attorney's fees. The court, upon motion of counsel for petitioners, struck the amendment filed by J. C. Troup, and sustained their motion to dismiss the answer, as amended, of Pearlie Troup, on the ground that the same does not set up any defense, legal or equitable, against the note; and thereupon rendered judgment against Pearlie Troup for principal, interest, and costs. Error was assigned upon the allowance of the amendment striking J. C. Troup over the objection that he had set up facts showing that he held title to the note, and had asked affirmative equitable relief, which he was entitled to have passed upon in said case; upon the striking of the plea of J. C. Troup; upon the striking of the answer of Pearlie Troup, and upon the rendition of judgment against him.

*A. J. & J. C. McDonald,* for plaintiffs in error.
*Wall & Grantham,* contra.

GILBERT, J. The Civil Code (1910), § 5688, declares that "When two or more persons sue or are sued in the same action, either on a contract or for a tort, the plaintiff may amend his declaration by striking out one or more of such defendants, and proceed against the remaining defendant· or defendants, if there is no other legal difficulty in the case." This section is cited by the defendant in, error as authority for the judgment allowing the amendment striking one of the defendants as a party, and striking the answers of both defendants, and rendering judgment on the notes sued upon in favor of the petitioner. We are unable to agree to the construction placed on the quoted statute. We think the statute on its face plainly provides an exception which, under the facts of this case, did not authorize the striking of that portion of the answer of J. C. Troup which was germane to the original petition, and which prayed that whatever amount was found to be due by the codefendant, Pearlie Troup, on the note be decreed and determined by the court to belong to J. C. Troup, and that he recover the amount due on the note from Pearlie Troup. Since there was no allegation of insolvency, the defendant J. C. Troup was not entitled to any injunctive relief. The code section above quoted provides that the plaintiff may amend his declaration by striking out one or more of the defendants and proceeding against the remaining defendant or defendants *"if there is no other legal difficulty in the case."* [Italics ours.] The statute has been recently construed in the case of *DeLay* v. *Latimer,* 151 *Ga.* 367, 369 (106 S. E. 901). The court held that the plaintiff could, "as a matter of right, strike the name of one of several defendants where such defendant prayed for *no affirmative relief against the plaintiff ⸳ or any codefendant."* [Italics ours.] Thus we think it is clear, where the defendant does pray for affirmative relief against the plaintiff or any codefendant, that this constitutes a "legal difficulty" sufficient to deprive the plaintiff of the right, which otherwise he could exercise under the code section, of eliminating such defendant from the case by removing him from the petition by amendment. Measuring the answer of J. C. Troup by the principles stated above, we find that his answer contained prayers for affirmative relief which constituted a legal barrier to the striking of that defense and thus carrying the case made by said answer out of court. The answer of J. C. Troup

alleged, in substance, that the note sued upon had been obtained by the petitioner from J. C. Troup by fraud and misrepresentation, and that by reason of the same petitioner had not obtained title to the note, but upon the contrary that the title to the note remained in J. C. Troup and that whatever sum was due by the maker of the note, Pearlie Troup, was, under the law and facts, due to J. C. Troup; and the prayers in behalf of J. C. Troup already mentioned prayed for affirmative relief both against the petitioner and against the codefendant, Pearlie Troup. The Civil Code, § 5406, provides: "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Since the passage of this law, known as the uniform-procedure act of 1887, it is immaterial whether the relief prayed for by J. C. Troup is of a legal or equitable nature. There must be a prayer or prayers for affirmative relief either legal or equitable, which is germane to the original petition. *Ray* v. *Home &c. Investment Co.,* 106 *Ga.* 492 (32 S. E. 603); *Pearson* v. *Courson,* 129 *Ga.* 656 (5) (59 S. E. 907); *Becker* v. *Donalson,* 133 *Ga.* 864 (7), 873 (67 S. E. 92), and authorities cited; *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188). In the *Ray* case it was shown how the "uniform-procedure act" changed the law on the question here involved, and the cases decided before the passage of the act were differentiated from the cases decided since the passage of that act. The cases from this court cited in the brief of defendant in error were all decided prior to the passage of the uniform-procedure act, except *Howser* v. *Tonson,* 156 *Ga.* 447 (119 S. E. 313). The facts in the last-cited case were different from the facts in this case, and the rulings there made are not controlling here. The conclusion reached above requires a reversal of the judgment.

　　　　　*Judgment reversed. All the Justices concur.*