MOORE *et al. v.* ATLANTA JOINT STOCK LAND BANK *et al.*
WILLOUGHBY *v.* ATLANTA JOINT STOCK LAND BANK *et al.*

ATKINSON, J. 1. Under the facts alleged by Mr. and Mrs. Moore, the plaintiffs in the main petition, it is immaterial whether the instrument held by the bank as security for the loan made to Roberts was a deed or a mortgage, but for convenience it will be referred to as a mortgage.

2. The plaintiffs alleged that the mortgage to the bank was executed on November 15, 1923, and that the security deed to the plaintiffs was executed on November 30, 1923, and that both of these instruments were recorded on the same day. Under the rule that allegations when considered on demurrer are to be construed most strongly against the pleader, it will be assumed, in the absence of allegations to the contrary, that the mortgage to the bank was recorded first.

3. Considering the allegations of fact as to the execution and record of the

two instruments as stated in the preceding note, the petition showed upon its face that the mortgage of the bank was superior to the security deed held by the plaintiffs.

4. The averments in the petition as to agency of Roberts to make collections for the bank were mere conclusions of the pleader, disputed by the specific facts alleged; and therefore the allegations were as a matter of law insufficient to show that the debt to the bank had been satisfied by payments made by Willoughby to Roberts as agent for the bank.

5. Other allegations contained in the petition were that Willoughby was in possession of the property as a purchaser under a bond for title from Roberts before the execution by Roberts of the instruments under which the plaintiffs and the bank claimed respectively; that Willoughby continued in such possession to the filing of the suit; and that he had in the meantime fully paid the entire balance of the purchase-money due by him to Roberts. In the light of these allegations, the petition as a whole alleged a valid equitable title in Willoughby as against the bank and the plaintiffs.

6. Upon application of the rulings stated above, the main petition failed to allege a cause of action in the plaintiffs for any of the relief prayed for, as against the bank. The petition being thus subject to the general demurrer of the bank, which was the only resident defendant, the court upon sustaining this demurrer properly dismissed the suit also as to Roberts, a non-resident defendant. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775).

7. The allegations in the cross-bill as filed by Willoughby were to the effect that he was the owner of a perfect equity in the property as against all other parties to the litigation. The facts stated in the cross-bill were germane to the subject-matter of the main petition, and the dismissal of that petition did not affect the cross-bill. Substantial equitable relief was prayed, not only against the original plaintiff, but also against each of the codefendants, one of them (the bank) being a resident of the county in which the suit was filed and in which it was sought to prosecute the cross-bill. The fact that the suit of the original plaintiffs was dismissed did not prevent the complainant in the cross-bill from proceeding thereby against his codefendants and the original plaintiffs. The court erred in sustaining the demurrers to the cross-bill. *Troup* v. *Martin*, 158 *Ga.* 178 (122 S. E. 611); *Lacher* v. *Manley*, 139 *Ga.* 802 (78 S. E. 188); *Ray* v. *Home &c. Investment Co.*, 106 *Ga.* 492 (4) (32 S. E. 603); *Atlanta Northern Ry. Co.* v. *Harris*, 147 *Ga.* 214, 218 (93 S. E. 210); *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200); *McMillan* v. *Spencer*, 162 *Ga.* 659 (5) (134 S. E. 921); *O'Leary* v. *Costello*, 169 *Ga.* 754 (151 S. E. 487); *Hermann* v. *Mobley*, 172 *Ga.* 380 (158 S. E. 38); Civil Code (1910), §§ 5408, 5547.

*Judgment affirmed in No. 8982; reversed in No. 9003. All the Justices concur.*

Nos. 8982, 9003. March 4, 1933.

*J. H. Felker* and *J. K. Jordan,* for plaintiffs.

*Colquitt, Parker, Troutman & Arkwright* and *H. C. Cox,* for defendant.