TERRY *v.* ELLIS *et al.*

BELL, Justice. 1. "The plaintiff in any action . . may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant. . . After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510.

2. "When two or more persons shall be sued in the same action, either on a contract or for a tort, the plaintiff may amend his petition by striking out one or more of such defendants, and proceed against the remaining defendant or defendants, if there shall be no other legal difficulty in the case." Code, § 81-1306.

3. "A petition in the nature of a cross-bill need not be filed. The defendant in every case may set up in his answer any matter which, under the English practice, should be the subject of a cross-bill, and may require therein any discovery from the petitioner he may desire. If new parties are necessary, by reason of any matter thus set up in the answer, the court shall give such direction to the cause, to secure a hearing to such parties, as if a petition in the nature of a cross-bill had been filed." Code, § 81-106.

4. A senior unrecorded deed loses its priority over a junior recorded deed for value from the same vendor, taken without knowledge or notice of the existence of the senior deed (Code, § 29-401; *Wilkinson* v. *Dix*,

151 *Ga.* 605 (107 S. E. 844), and in a proper case may be canceled at the instance of the grantee in such junior recorded deed. Code, § 37-1410; *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663); *Randall* v. *Hamilton*, 156 *Ga.* 661 (119 S. E. 595).

5. Where a suit is instituted against two defendants, grantor and grantee respectively in a recorded deed to land, which the petitioner seeks to have canceled as a cloud on her title, basing her own claim of title upon a prior deed from the same grantor, which, though recorded at the time the suit was filed, was not recorded at the time of the purchase by the .defendant grantee, but of which, it is alleged, such defendant had notice at the time of his purchase, and where such defendant files an answer in which he denies the plaintiff's averment as to his notice or knowledge of the senior deed, and alleges in effect that, as between the plaintiff and the defendant as claimants under such deeds respectively, the plaintiff has no legal or equitable title to the land in question, and prays that the plaintiff's deed be canceled, and for general relief, *Held:*

(a) The answer was not purely defensive in nature, but sought affirmative relief against the plaintiff as in a cross-action. *Jones, Drumright & Co.* v. *Thacker*, 61 *Ga.* 329 (2); *Frierson* v. *Alexander*, 74 *Ga.* 666 (2); *Reaves* v. *Meredeth*, 120 *Ga.* 727 (48 S. E. 199); *Gurr* v. *Brinson*, 138 *Ga.* 665 (75 S. E. 979); *Steadham* v. *Cobb*, 186 *Ga.* 30 (2), 38 (196 S. E. 730).

(b) The cross-action was germane to the subject-matter of the original petition. *Ray* v. *Home &c. Investment Co.*, 106 *Ga.* 492 (3) (32 S. E. 603); *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887 (2-a) (47 S. E. 322); *Hardman* v. *Barrow*, 147 *Ga.* 617 (95 S. E. 209); *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628 (3), 636 (196 S. E. 63).

6. After the dismissal by the plaintiff of the main action, the court ruled the case to trial upon the cross-action, over the following grounds of objection asserted by the plaintiff: (1) That the petition had been already dismissed as against the defendant grantor, who had filed no pleadings, and that this defendant, as a grantor in the plaintiff's deed, was a necessary party to the cross-action seeking its cancellation; (2) the alleged cross-action and the prayers contained therein were insufficient as basis for a valid cross-action seeking such relief of cancellation; (3) there was nothing in the record to show that service of the cross-action had been made upon the grantee as codefendant. *Held:*

(a) These objections were not presented as a demurrer to the cross-action, but were addressed solely to the court as reasons why the court should not proceed to judgment. Code, §§ 37-1004, 110-104; *Smith* v. *Mitchell*, 6 *Ga.* 458 (4); *Brown* v. *Brown*, 97 *Ga.* 531 (25 S. E. 353, 33 L. R. A. 816); 21 C. J. 273, § 276; 20 R. C. L. 667, § 8.

(b) After the filing of such cross-action the plaintiff could not eliminate the codefendant so as to interfere therewith, and for this reason the court properly overruled the first objection. Code, §§ 3-510, 81-1306; *Ryan* v. *Fulghum*, 96 *Ga.* 234 (4), 238 (22 S. E. 940); *Ray* v. *Home &c. Investment Co.*, supra; *Pearson* v. *Courson*, 129 *Ga.* 656 (5) (59 S. E. 907); *DeLay* v. *Latimer*, 151 *Ga.* 367, 370 (106 S. E. 901); *Troup* v. *Martin*, 158 *Ga.* 178 (122 S. E. 611); *Moore* v. *Atlanta Joint Stock*

*Land Bank,* 176 *Ga.* 697 (7) (168 S. E. 558) ; *Winn* v. *Armour & Co.,* 184 *Ga.* 769 (3) (193 S. E. 447).

(*c*) The plaintiff having sued for cancellation of the junior deed, the grantee therein could reply by seeking cancellation of the senior deed without alleging that he was in possession of the property, since the court would have, and could properly exercise, jurisdiction of the whole controversy for the purpose of quieting the title, especially where there was no demurrer to the cross-action for failure of the petitioner therein to allege that he was in possession. Code, §§ 37-105, 37-1501; 51 C. J. 187-8, §§ 105-6. In such case the general rule as to alleging possession is inapplicable. See *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237 (130 S. E. 527) ; *Morris* v. *Mobley,* 171 *Ga.* 224 (155 S. E. 8) ; *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198). As between the plaintiff and the defendant grantee, the allegations and prayers contained in such answer and cross-action stated basis for a "valid cross-action" seeking cancellation of the plaintiff's deed. The court therefore did not err in overruling the second objection..

(*d*) Whether or not the cross-action seeking cancellation of the plaintiff's deed should have been served upon the codefendant as the grantor in the deed under attack (Code, § 81-1306; *Brown* v. *Tomberlin,* 137 *Ga.* 596, 73 S. E. 947; 21 C. J. 353, § 361; 49 C. J. 311, § 381; 10 R. C. L. 490, § 267; 21 R. C. L. 502, § 67; 5 Enc. Pl. & Pr. 652, 657 (ix), 664), and even assuming that such codefendant could not be treated or considered as a party to the cross-action in the absence of such service or a waiver thereof, the presence of the grantor as a party in such case was not so necessary and indispensable that a nonjoinder would constitute a valid objection to the action of the court in proceeding to a decree in the absence of demurrer or special plea assailing the cross-action for nonjoinder; and consequently the court did not err in overruling the third objection. *Smith* v. *Mitchell,* 6 *Ga.* 458 (4) ; *Hightower* v. *Thornton,* 8 *Ga.* 486 (17) (52 Am. D. 412) ; *Hightower* v. *Mustian,* 8 *Ga.* 506 (3) ; *Webb* v. *Deadwyler,* 142 *Ga.* 422 (3) (83 S. E. 99) ; *Groover* v. *Wilkes,* 148 *Ga.* 794 (98 S. E. 503) ; *Cason* v. *United Realty & Auction Co.,* 158 *Ga.* 584 (123 S. E. 894) ; *Crowley* v. *Calhoun,* 161 *Ga.* 354 (3) (130 S. E. 563) ; *Greenwood* v. *Starr,* 174 *Ga.* 503 (2, 9, 11, 12) (163 S. E. 500) ; *Edwards* v. *Hall,* 176 *Ga.* 632 (6) (168 S. E. 254) ; 47 C. J. 210.

7. Furthermore, it does not appear that the grantor had warranted title in the senior deed which the cross-action sought to have canceled, or that she would have been affected in any manner by the judgment canceling this deed. Accordingly, it does not appear even that this grantor would have been a necessary party for whose nonjoinder the petition would have been subject to demurrer. *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3), 61; *Spicer* v. *Macklin,* 164 *Ga.* 135, 137 (137 S. E. 828) ; *Steadham* v. *Cobb,* supra. The present case differs on its facts from *Brown* v. *Tomberlin,* supra, where the excepting parties were those against whom judgment by default had been rendered on a cross-petition without service upon them, whereas in the instant case the party not served is not complaining.

8. Under the foregoing rulings the verdict and judgment against the plain-

tiff and in favor of the complainant in the cross-action, as complained of by direct bill of exceptions, were not erroneous as contended, because of the ruling of the court ordering the case to trial over the objections urged by the plaintiff as indicated above.

*Judgment affirmed. All the Justices concur.*

No. 13068. FEBRUARY 17, 1940.

*E. L. Smith,* for plaintiff.

*Robert B. Short, Leonard Farkas, Walter H. Burt,* and *R. J. Bacon,* for defendants.