### JELLICO, executor *v.* BAILIE, administrator.

1. The result of sustaining a general demurrer to a petition, on the ground that it appears on the face thereof and from the account annexed thereto that the defendant is not indebted to the plaintiff, but that, on the contrary, the plaintiff is indebted to the defendant, should be to dismiss the petition; not to retain the action in court and find in favor of the defendant, on a plea of set-off against the plaintiff, on the ground of such admission.

2. Under the allegations of the petition in this case, the ruling indicated in the preceding headnote was erroneous.

3. Such ruling apparently so entered into and affected the entire finding of the auditor that the judgment is reversed, and direction given that the case be rereferred for a new trial.

Argued December 2, 1907.—Decided March 28, 1908.

Exceptions to auditor's report. Before Judge Hammond. Richmond superior court. August 1, 1907.

*F. W. Capers* and *Salem Dutcher,* for plaintiff.

*Lamar & Callaway,* for defendant.

LUMPKIN, J. Elizabeth Dart brought suit against Richard W. Robert, as executor of Bligh, deceased, seeking to recover on account of money alleged to have been loaned by the plaintiff to the deceased and money received by him as her agent. The plaintiff having died, her executor was made a party in her stead. Attached to the plaintiff's declaration was an account, which it was alleged had been furnished to the plaintiff by the executor of the deceased, containing entries in the handwriting of the latter. According to this account the plaintiff owed the estate of the deceased a balance of $3,805.89. Why it was attached to the petition at all, instead of being used as evidence in whole or in part, if it contained matter favorable to the plaintiff, is not quite clear. But for some reason it was deemed advantageous and desirable by the pleader to attach it as an exhibit to the petition. It was not admitted in the petition, however, that this account was true in whole, or correctly set out the state of the accounts. On the contrary, there was attached to the petition another exhibit, marked "B," containing an account which the plaintiff alleged was correct. The case was referred to an auditor. In his report, under the head of "questions on demurrer," he reported as follows: "First question on demurrer: It appears from said petition and the account attached thereto that the estate of the defendant's testator is not indebted to the plaintiff, but on the contrary plaintiff is indebted to said estate. The auditor finds that the plaintiff is indebted to the estate of T. C. Bligh in the amount hereinafter set out." We understand the above-quoted portion of the auditor's report to mean that he held that, on the face of the petition, the defendant was not indebted to the plaintiff, but, on the contrary, the plaintiff was indebted to the defendant. If such were the case, the sustaining of a demurrer on that ground should have resulted in dismissing the petition, not in retaining it and using it as an admission on which to predicate a judgment in favor of the defendant on a plea of set-off. The auditor erred both in ruling that the petition showed on its face that the plaintiff was indebted to the defendant in an amount

in excess of that due by the defendant to the plaintiff, and, after sustaining this ground of the demurrer, in not dismissing the petition; and the presiding judge erred in not sustaining the exception to this finding of the auditor. The defendant can not put his adversary's case out of court and at the same time retain it in court. After a plea of set-off is filed, the plaintiff may not dismiss his action so as to interfere with that plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court. Civil Code 1895, §3754. But the defendant can not by demurrer both dismiss the plaintiff's action and keep it alive. This error pervaded the whole case, and, no doubt, affected the ultimate finding of the auditor in favor of the defendant against the plaintiff. It is needless, therefore, to discuss other rulings. We think the proper disposition of the case is to reverse the judgment, with direction that the case be rereferred to the auditor, for further consideration and a new report.

*Judgment reversed, with direction. All the Justices concur.*