## BURTON et al. v. MEINERT & MILLER.

Certain materialmen brought suit to foreclose a lien on the premises on which was erected a house for which they furnished certain material, and for general judgment for the amount of the account for the material furnished, against the owner of the premises on which the house was erected and the contractor who built the same for the owner. The petition alleged that the plaintiffs agreed to furnish the material to the defendants to build the house and "the material was contracted for by" the contractor for the owner, with the consent and by the direction of the latter, who authorized "said builder to buy as his agent the said material." *Held:*

1. The allegations of the petition showing that the material furnished was sold by the plaintiffs to the contractor as the agent of the owner of the premises, and there being no allegation that credit was extended to the contractor, or that he agreed to pay for the material furnished, the petition should have been dismissed as to the contractor on general demurrer thereto.

2. Proof by the plaintiffs that they furnished material to a contractor to be used in erecting a building on the premises of another, and that the contractor stated that it was so used, is insufficient to show, as against the owner of the premises, that such material was actually thus used; and the court erred in directing a verdict fixing a lien on such premises.

(a) Testimony that the contractor furnished the lumber with which to build the house, and testimony as to the amount which the owner paid the contractor for building the same, was not inadmissible on the ground that the contract between the owner and the contractor for the erection of the house by the latter was in writing.

'(b) The contract between the owner and the contractor being in writing, it was error to admit testimony as to the stipulations in the contract as to the price to be paid for the erection of the building.

JUNE 15, 1911.

Foreclosure of lien.  Before Judge Morris.  Cobb superior court. March 17, 1910.

*Gober & Griffin* and *W. R. Power,* for plaintiffs in error.

*R. N. Holland* and *D. W. Blair,* contra.

HOLDEN, J.  Meinert & Miller (hereinafter called the plaintiffs), alleging themselves to be "mechanics, contractors, and materialmen," brought suit against S. R. Burton and I. A. Reed, making in their petition substantially the following allegations: The plaintiffs agreed to furnish lumber and other material to the defendants to build a house upon certain described premises belonging to Reed.  "Said material was contracted for by said S. R. Burton, the carpenter and contractor working for said Reed, and with the consent of the said Reed and by his direction.  Said I. A. Reed fully knew that plaintiffs were furnishing material necessary for said buildings, and authorized and directed Burton his said builder to buy as his agent the said material."  The plaintiffs complied with their contract on the 20th of November, 1908, and claimed a lien upon the premises for the amount of the account for material furnished, an itemized statement of which was attached to the petition.  Within 60 days from November 20, 1908, their claim of lien was duly recorded, and within 30 days from November 20, 1908, they served written notice of the amount due them and an itemized statement of the account upon Reed.  The suit was brought within 12 months from the time the claim became due, and plaintiffs prayed "a general judgment against defendants and each of them for the amount of their said debt aforesaid and a special judgment against said real estate," and for process. At the conclusion of the evidence, the court directed a verdict against Burton for the amount of the account and "a special lien against the property of defendant I. A. Reed as alleged in plaintiff's petition for said sum."  The defendants filed exceptions, complaining that the court erred in so directing a verdict, and in other rulings made upon the trial of the case.

1. The general demurrer to the petition should have been sustained as to Burton.  The allegations of the petition show the con-

tract under which the plaintiffs furnished the material, and that this contract was made by Burton while acting as the agent of Reed. No individual contract with Burton is alleged, and no liability for the payment of the material furnished exists against Burton under the allegations of the petition. It appearing from the allegations of the petition that Burton, in contracting for the material, was acting as the agent of Reed, and the suit being against both Burton and Reed, in the absence of an allegation that the plaintiffs extended credit to Burton, the agent, and that the latter agreed individually to pay for the material furnished, the petition should have been dismissed as to Burton on general demurrer. As Burton should have been dismissed from the case as a party thereto, the question as to whether Burton's special plea of set-off should have been stricken becomes an immaterial one, and it is unnecessary for this question to be decided. See, in this connection, *Jellico* v. *Bailie,* 130 *Ga.* 447 (60 S. E. 998). There was no merit in the general demurrer by Reed, nor in any of the grounds of special demurrer, and the court committed no error in overruling them.

2. One of the plaintiffs testified that they furnished the material referred to in their petition to Burton, to be used in building a house on the premises of Reed, and that Burton stated that the material thus bought was to be used for this purpose. In testifying with reference to some of the material, he said that he did not know that it was used in the house on which a lien was claimed. We think a proper construction of his testimony is that he did not know that any of the material was used in constructing the house. Proof that the material was furnished by the plaintiffs to Burton to be thus used, and proof that Burton stated that it was so used, would not be sufficient to bind Reed on the question as to whether the material was actually used in the building on his premises. Hearsay testimony is without probative value. *Miller* v. *McKenzie,* 126 *Ga.* 746 (55 S. E. 952). The evidence was not sufficient to authorize the court to direct a verdict fixing a lien on the property of Reed. The general verdict against Burton for the amount of the account will also have to be set aside, because of the error of the court in not dismissing the petition as to him on general demurrer thereto. The error in overruling Burton's general demurrer rendered nugatory everything occurring there-

after in the case as to him. *General Supply &c. Co.* v. *Lawton,* 131 *Ga.* 375 (62 S. E. 293). It appearing that the contract between Burton and Reed for the construction of the house was in writing, it was error to admit oral testimony as to the stipulations therein concerning the price at which Burton was to build the house. It was not error to admit testimony as to what Reed actually paid Burton for building the house, and testimony of Reed that Burton furnished the lumber with which he built the house, over objection on the ground that the contract between Burton and Reed for the building of the house was in writing. Regardless of the stipulations of the contract, testimony was admissible to show what was actually paid by Reed to Burton for building the house, and that Burton actually furnished the material which went into the house.　　　*Judgment reversed. All the Justices concur.*