## LACHER *v.* MANLEY.

Prior to the uniform procedure act of 1887 (Civil Code, §§ 5538, 5514) the involuntary dismissal of an· equitable petition for want of equity carried with it the defendant's cross-bill which only prayed for legal relief (*Johnamsen* v. *Tarver,* 74 *Ga.* 402) ; but if the cross-bill alleged facts germane to the plaintiff's petition, entitling the defendant to independent and distinct equitable relief, the dismissal of the petition did not interfere with the defendant's right to a hearing and trial on the matters set up in the cross-petition. *Ryan* v. *Fulghum,* 96 *Ga.* 234 (22 S. E. 940). Since the enactment of 1887, which provides that in suits in the superior court founded on a legal or equitable cause of action, for a legal or equitable remedy or both, relief of an equitable or legal nature may be had in the same action, the dismissal of the plaintiff's petition on demurrer as being without equity will not have the effect of dismissing a cross-bill of the defendant, alleging additional matters germane to the original petition, and praying affirmative relief, although the relief prayed is not equitable in character and is cognizable in a court of law.

APRIL 18, 1913.

Equitable petition. Before Judge Roan. DeKalb superior court. March 8, 1912.

*Hooper Alexander,* for plaintiff in error.

*Green, Tilson & McKinney,* contra.

EVANS, P. J. W.· D. Manley brought suit against Ludwig Lacher, alleging that the defendant was in the occupancy of a farm belonging to the plaintiff, by virtue of a written contract which was attached to the petition. The plaintiff alleged that the contract had been breached in divers and sundry particulars, and prayed for the appointment of a receiver for so much of the farm as was actually occupied by the defendant, and for an injunction against the defendant's interfering with the plaintiff in the management and control of so much of the farm as was not occupied

by the defendant, and in any manner interfering with the prop-
erty on the farm, and that the plaintiff recover possession of
so much of the farm as the defendant occupied.   To this peti-
tion the defendant filed his demurrer, and also an answer and
cross-action, wherein he alleged that the plaintiff had violated the
contract in the various particulars alleged, to the damage of the de-
fendant in a certain sum, for which he prayed judgment.   The
court sustained the demurrer on the ground that "the petition
states no case to warrant the relief prayed," and dismissed the same
without prejudice to defendant's rights under his cross-action.
Thereafter the court passed the following order:   "The defendant
in the above-stated case having filed a general demurrer to plaintiff's
petition and pressed said demurrer, which demurrer was sustained
by the court this date, and plaintiff's petition dismissed, it is ordered
by the court that the order sustaining plaintiff's case carried with
it the defendant's cross-petition in the case against the plaintiff,
under the case of *Johnamsen* v. *Tarver, Cashin & Company,* 74th
*Georgia,* page 402." Exception is taken to this order, upon the
ground that the dismissal of the petition on demurrer did not have
the effect to dismiss the cross-petition, which prayed affirmative
relief.

The question made is, what is the effect of an involuntary dis-
missal of the petition praying equitable relief, upon the cross-
petition of the defendant praying affirmative relief not of an equi-
table nature?   We will consider the question, first, from the view-
point of the English chancery practice; and secondly, as such
practice has been modified by our practice and procedure statutes.
A cross-bill implies a bill by a defendant against the plaintiff in
the same suit, or against other defendants in the same suit, or
both, touching the matters in question in the original suit, and is
auxiliary to or dependent upon the original suit.   2 Dan. Ch. Pr.
1548.   Because of this dependency was evolved the general rule
that an involuntary dismissal of the original bill carried with it
the cross-bill.   5 Enc. Pl. & Pr. 662; Daws v. City of Chicago, 11
Wall. 108 (20 L. ed. 65); Dill v. Shahan, 25 Ala. 703.   The
statement that the cross-bill shares the fate of the original bill
when the latter is dismissed is too comprehensive and general to
be strictly accurate.   In Story's Eq. Pl. § 399, note, it is said:
"A distinction should be drawn between cross-bills which seek

affirmative relief as to other matters than those brought in suit by the bill, yet properly connected therewith, and cross-bills which are filed simply as a means of defence; since there are rules applicable to the one class which do not apply to the other. Thus, a dismissal of the original bill carries the cross-bill with it when the latter seeks relief by way of defence; but it is otherwise, and relief may still be given upon the cross-bill, where affirmative relief is sought thereby as to collateral matters properly presented in connection with the matters alleged in the bill." And where the cross-bill sets up additional facts germane to the subject-matter of the original bill and prays for affirmative relief against the complainants in the original bill on the case thus made, the dismissal of the original bill does not dispose of the cross-bill, but it will be retained for disposition on its merits as an original bill. Fletcher's Eq. Pl. & Pr. § 918.

In those jurisdictions where there is a separation of forums for the administration of law and equity the rule is firmly established, that, if the original bill is dismissed for want of equity, a cross-bill, praying affirmative relief which may be obtained in a court of law, will not be retained for giving purely legal relief. The reason is manifest. Courts of equity will not grant relief where the remedy at law is adequate. When the original bill has been adjudicated to be without equity, and the cross-bill standing alone presents no grounds for equitable relief, it must fall because of an adequate legal remedy. This is what was decided in *Johnamsen* v. *Tarver*, 74 *Ga.* 402. In that case the complainant filed a petition to cancel a contract of sale of a stock of merchandise, containing a stipulation for monthly payments; praying also for an accounting and the remedy of injunction. The defendant by cross-bill prayed judgment for the installments which were in arrears. When the original suit was dismissed at the instance of the defendant as being without equity, the cross-bill of the defendant, which only sought a judgment on a money demand, was held to be without equity—the defendant having an adequate remedy at law. It is to be remembered that this decision was rendered prior to the uniform procedure act of 1887, which permits both legal and equitable principles to be applied in the same action and administered in the same court, having jurisdiction over cases in law and in equity.

The case of *Ryan* v. *Fulghum*, 96 *Ga.* 234 (22 S. E. 940), is supposed by counsel to be in conflict with the *Johnamsen* case just noticed. We think that an analysis of the *Ryan* case will demonstrate that there is no collision of principle between it and the former case. In the *Ryan* case the plaintiff sought an injunction against a solvent defendant, to prevent an apprehended trespass on land. It is true that he prayed for cancellation of the defendant's claim of title, but his allegations were so indefinite and inconclusive that the court refused to consider them to be a substantial part of his petition. The defendant, in addition to filing a demurrer and answer to the petition, filed a cross-petition praying affirmative equitable relief with respect to the same land involved in the original petition; and the court held: "Inasmuch as the defendant's answer, in the nature of a cross-bill, alleged facts entitling him to independent and distinct equitable relief, the dismissal of the plaintiff's petition did not interfere with the defendant's right to a hearing and trial on the matters set up in his answer; and this being so, it was error to dismiss the same." The decision in that case comes within the principle that where a cross-bill sets up additional facts germane to the subject-matter of the original bill, entitling the defendant to equitable relief against the complainant, the cross-bill will not fall with the original bill, for the reason that standing alone it is good as an original bill praying affirmative equitable relief. Thus it will be seen that in the first case the cross-petition prayed only for judgment on a money demand, for remedy of which the courts of law afforded adequate relief; whereas in the second case the cross-petition contained allegations germane to the original petition, which presented a complete case for the equitable relief which was prayed. Another distinction is that which will be presently noticed, viz.: that between the pronouncement of the two decisions the uniform procedure act of 1887 was enacted. By this act it was provided: "All suits in the superior courts for legal or equitable relief, or both, shall be by petition to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth his charge, ground of complaint and demand, and the names of the persons against whom process is prayed." And "in suits in the superior court, founded on a legal or equitable cause of action, for a legal or equitable remedy or both, the petition shall be ad-

dressed to the court, and shall set forth the cause of action, legal or equitable or both, and the claim for legal or equitable relief or remedy or both, plainly, fully, and distinctly." Civil Code, §§ 5538, 5514. Since that enactment equitable and legal relief may be given in the same action in the superior courts; and there is now no reason for giving effect to the old equity rule that a cross-bill will not be retained after the original bill is dismissed, unless it prays affirmative equitable relief. By virtue of the statute, if the cross-petition sets up matters germane to the allegations of the original petition, and prays affirmative relief, the involuntary dismissal of the plaintiff's petition will not carry with it the cross-petition, notwithstanding the relief therein prayed for may be cognizable at law. · The conclusion which we have reached, when applied to the assignment of error, requires a reversal of the judgment.

*Judgment reversed. All the Justices concur.*