17010.   JACKSON, guardian, *v.* MATHIS *et al.*

Since the enactment of the uniform procedure act of 1887 (Civil Code, §§ 5538, 5514) which "provides that in suits in the superior court founded on a legal or equitable cause of action, for a legal or equitable remedy or both, relief of an equitable or legal nature may be had in the same action, the dismissal of the plaintiff's petition on demurrer as being without equity will not have the effect of dismissing a cross-bill of the defendant, alleging additional matters germane to the original petition, and praying affirmative relief, although the relief prayed is not equitable in character and is cognizable in a court of law."

DECIDED MARCH 2, 1926.

Dismissal and Nonsuit, 18 C. J. p. 1208, n. 39.

Complaint; from Cook superior court—Judge Knight. November 4, 1925.

*Jeff. S. Story, Hendricks & Hendricks,* for plaintiff.

*E. K. Wilcox, J. J. Murray, T. G. Connell,* for defendants.

BLOODWORTH, J. In the brief of plaintiff in error, after the statement that "there is only one question to be determined by the court in this case," we find the following: "The question to be determined is, does the dismissal of the plaintiff's petition and putting it out of court in [end?] the suit, or can the defendant proceed with the cross-action after putting his adversary, together with his petition, out of court?" This question seems absolutely settled adversely to the contention of the plaintiff in error by a number of decisions of the Supreme Court. In *Ray* v. *Home & Foreign Investment Co.,* 106 *Ga.* 496 (4) (32 S. E. 605), Mr. Justice Cobb said: "The answer in the nature of a cross-bill containing matter germane to that set up in the original petition, the dismissal of the plaintiff's petition did not carry such an answer with it.  .  . That portion of the answer which was in the nature of a cross-bill and prayed for affirmative relief against the plaintiff remained in court in order that the issues raised therein might be determined.  .  . Nor was it any ground for the dismissal of such an answer that the relief prayed for was not of an equitable nature. It has long been the law that where a court of equity obtains jurisdiction for one purpose, it will retain it until complete justice has been done to all parties. Civil Code, § 3925; *Mays* v. *Shivers,* 7 *Ga.* 238; *Martin* v. *Tidwell,* 36 *Ga.* 332. But without regard to this rule of law, under the practice prevailing in this State since the passage of the uniform procedure act of 1887 the superior courts have full power in all cases to grant complete relief to all suitors, applying in aid thereof either legal or equitable remedies, or both." In *McCall* v. *Fry,* 120 *Ga.* 663 (48 S. E. 201), Justice Cobb said: "The purpose of the uniform procedure act of 1887 was to vest in the superior courts the authority to settle in one suit the controversy between the parties, without reference to the question whether the plaintiff's cause was legal or equitable, or whether the defendant's defense was one which a court of law would recognize or one which, under the old procedure, would have required the interposition of a court of equity in order to give effect to equitable rights or to enforce equitable remedies,

ordinary or extraordinary. When a plaintiff sues a defendant in the superior court, the policy of the law, as indicated by the acts of 1884 and 1887 and kindred legislation, requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit, and that the plaintiff shall not be harassed by other suits growing out of the same controversy, although they are based upon independent claims, legal or equitable, which the defendant might have against the plaintiff in reference to the cause of the controversy. A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary, and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who has already brought him into court."

The headnote in *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188) is as follows: "Prior to the uniform act of 1887 (Civil Code, §§ 5538, 5514) the involuntary dismissal of an equitable petition for want of equity carried with it the defendant's cross-bill which only prayed for legal relief (*Johnamsen* v. *Tarver,* 74 *Ga.* 402) ; but if the cross-bill alleged facts germane to the plaintiff's petition, entitling the defendant to independent and distinct equitable relief, the dismissal of the petition did not interfere with the defendant's right to a hearing and trial on the matters set up in the cross-petition. *Ryan* v. *Fulghum,* 96 *Ga.* 234 (22 S. E. 940). Since the enactment of 1887, which provides that in suits in the superior court founded on a legal or equitable cause of action, for a legal or equitable remedy or both, relief of an equitable or legal nature may be had in the same action, the dismissal of the plaintiff's petition on demurrer as being without equity will not have the effect of dismissing a cross-bill of the defendant, alleging additional matters germane to the original petition, and praying affirmative relief, although the relief prayed is not equitable in character and is cognizable in a court of law." In the opinion in that case Presiding Justice Evans said: "Since that enactment equitable and legal relief may be given in the same action in the superior courts; and there is now no reason for giving effect to the old equity rule that a cross-bill will not be retained after the original bill is dismissed, unless it prays affirmative equitable relief. By

virtue of the statute, if the cross-petition sets up matters germane
to the allegations of the original petition, and prays affirmative
relief, the involuntary dismissal of the plaintiff's petition will not
carry with it the cross-petition, notwithstanding the relief therein
prayed for may be cognizable at law." In *Troup* v. *Martin,* 158
*Ga.* 181, Justice Gilbert said: "Since the passage of this law
known as the uniform-procedure act of 1887, it is immaterial
whether the relief prayed for by J. C. Troup (a defendant) is of
a legal or equitable nature. There must be a prayer or prayers
for affirmative relief either legal or equitable, which is germane to
the original petition. *Ray* v. *Home &c. Investment Co.,* 106 *Ga.*
492 (32 S. E. 603) ; *Pearson* v. *Courson,* 129 *Ga.* 656 (5) (59 S.
E. 907) ; *Becker* v. *Donalson,* 133 *Ga.* 864 (7), 873 (67 S. E.
92), and authorities cited; *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S.
E. 188). In the *Ray* case it was shown how the 'uniform pro-
cedure act' changed the law on the question here involved, and the
cases decided before the passage of the act were differentiated from
the case decided since the passage of that act." In the case under
consideration the cross-bill "sets up matters germane to the al-
legations of the original petition and prays affirmative relief."

The case of *Jellico* v. *Bailie,* 130 *Ga.* 447 (60 S. E. 998), cited
and relied upon by counsel for plaintiff in error, is easily differ-
entiated by its facts from the present case. In the *Jellico* case
the Supreme Court held that the auditor to whom the case had
been referred erred in not dismissing the petition and "in re-
taining it and using it as an admission on which to predicate a
judgment;" that "the defendant can not put his adversary's case
out of court and at the same time retain it in court." Nor is the
principle we are announcing here in conflict with the ruling in
*Morse* v. *Turner,* 20 *Ga. App.* 108 (92 S. E. 767). In that case
Judge Jenkins (p. 113) said: "Where no process is attached to
the suit and such deficiency has not been waived, either in terms
or by appearance or pleading, it is manifest that the court would
have no jurisdiction to render judgment against the defendant.
The appearance made by the defendant was special and for the
sole and specific purpose of denying jurisdiction of himself by the
court, and on this ground he obtained a dismissal of the suit. It
therefore does not seem that, while denying that he was a party,

he could maintain the suit in his own behalf under the bond given therein and recover a judgment thereon."

The "dismissal of the plaintiff's petition and putting it out of court" ends the case so far as his obtaining a judgment is concerned, but it does not prevent the defendant from proceeding to judgment with his cross-bill.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*