HUDGINS CONTRACTING CO. INC. *et al. v.* REDMOND CO. *et al.*

GILBERT, J. Redmond Company filed an equitable proceeding against Hudgins Contracting Company. Hudgins Contracting Company filed a cross-action against Redmond, seeking independent and distinct relief. The court overruled some of the demurrers filed by Hudgins Contracting Company to the petition of Redmond, and sustained others. Hudgins Contracting Company complained that there was a failure to rule upon certain of the demurrers. The latter sued out some exceptions pendente lite and other direct exceptions including exceptions to the failure of the trial judge to rule in specified instances. *Held:*

1. The assignment of error on the failure of the trial judge to render a judgment raises no question for decision by this court.

2. If the ruling of the court on the general demurrer to the plaintiff's petition had been favorable to the demurrant, as it is contended it should have been, thus dismissing the petition, it would have left the cross-petition still pending in the trial court. The case, therefore, has not been finally determined. Accordingly, the direct bill of exceptions was prematurely sued out; and this court, having no jurisdiction, will, on motion, dismiss the writ of error. *Lacher* v. *Manley*, 139 *Ga.* 802 (78 S. E. 188).

(*a*) The above result necessarily follows, notwithstanding that Hudgins Contracting Company, at the time or before the rendition of the judgment, filed in court the following document: "There being demurrers undisposed of in this case, and defendant insisting that said demurrers

be sustained and plaintiff's case dismissed, and defendant at same time agreeing that if said demurrers are sustained and said case dismissed, that defendant is willing to have its cross-action dismissed without prejudice, thereby taking the whole case out of court, this stipulation is therefore entered of record. Defendant expressly reserves the right to prosecute said cross-action, however, unless the plaintiff's case is dismissed from court on plea to jurisdiction or by reason of the sustaining of one or more of the several demurrers filed herein."

(b) It is deemed not inappropriate, in view of the fact that the case has not been concluded, to say that the exceptions pendente lite already of file, upon which the plaintiffs endeavored to assign error in the proceeding now before us, are unaffected by the ruling now made, and upon the final adjudication of the case in the court below and suing out a bill of exceptions on the final judgment error may then be assigned on the present exceptions pendente lite. *Richter* v. *Macon Gas. Co.*, 147 *Ga.* 600 (95 S. E. 10); *Walker* v. *Walker*, 147 *Ga.* 614, 616 (95 S. E. 10). It is ordered also, in view of the peculiar facts, that the plaintiffs in error be allowed to file the copy of the direct bill of exceptions, now in the office of the clerk of the superior court, as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*

No. 9301. December 13, 1932.

*Carl T. Hudgins,* for plaintiff in error. *Noah J. Stone,* contra.