## 27415. DAVIS *v.* BERRY SCHOOLS.

DECIDED MARCH 1, 1939.

*John Camp Davis,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

FELTON, J. The plaintiff filed a petition to enjoin the defendant from exercising a power of sale as to land which the plaintiff had conveyed to the defendant to secure a debt represented by promissory notes. The defendant demurred to the petition, and filed an answer in the nature of a cross-petition praying for a general judgment on the notes and for a special lien on the land. The alleged grounds for injunction in the petition were that the defendant was an eleemosynary institution, had no charter authority to lend money and take a deed to secure debt to secure the loan, and that it was without authority to proceed, by and through its secretary, to advertise the land described in the security deed. The

court sustained the demurrer to the petition and dismissed it, and after the introduction of evidence directed a verdict in favor of the defendant on its cross-action. The plaintiff filed a motion for new trial which the court overruled, and the plaintiff excepted to that ruling, but did not except to the order dismissing the petition.

1. In such a case the answer of the defendant in the nature of a cross-bill, which prays for a judgment on the note and a judgment setting up a special lien on the land, contains matters germane to that set up in the original petition, and the dismissal of such a petition does not carry with it the answer which is in the nature of a cross-bill. *Ray* v. *Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (32 S. E. 603); *Hardman* v. *Barrow*, 147 *Ga.* 617 (95 S. E. 209); *Winn* v. *Armour & Co.*, 184 *Ga.* 769 (193 S. E. 447); *Brooks* v. *First National Bank*, 180 *Ga.* 196 (178 S. E. 639); *Lacher* v. *Manley*, 139 *Ga.* 802 (78 S. E. 188); *Becker* v. *Donalson*, 133 *Ga.* 864 (7) (67 S. E. 92); *Pearson* v. *Courson*, 129 *Ga.* 656 (5) (59 S. E. 907); *Jackson* v. *Mathis*, 35 *Ga. App.* 178 (132 S. E. 410).

2. The judgment dismissing the petition on general demurrer was not excepted to and became the law of the case. This demurrer raised the question as to whether the plaintiff was estopped from contending that the defendant was without authority to lend money and take a deed to secure it. It also raised the question as to whether the defendant had a right, by and through its secretary, to advertise the land for sale under the deed. These questions were settled by the law of the case in the judgment sustaining the demurrer and dismissing the petition. There was nothing for the court to do, after the introduction of the notes and security deed, but to direct a verdict for the amount due together with a special lien upon the land. There was no error in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*