REFUSE *v.* HOGAN, administrator.

No. 15460.  MAY 9, 1946.  REHEARING DENIED JUNE 6, 1946.

*M. H. Blackshear,* for plaintiff in error.

*Lester F. Watson, W. A. Dampier,* and *Nelson & Nelson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ While there is no formal motion to dismiss filed in this court, counsel for the defendant in error insist in their brief that the writ of error was prematurely brought to the Supreme Court.

It is the duty of this court upon its own motion to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction, and the present case is one calling for such inquiry. *McDowell* v. *McDowell,* 194 *Ga.* 91 (20 S. E. 2d, 602) ; *Wood* v. *W. P. Brown & Sons Lumber Co.,* 199 *Ga.* 167 (33 S. E. 2d, 435).

The sole exception is to an order overruling the demurrer to the petition. No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. Code, § 6-701.

While the trial court overruled the demurrer to the petition, yet, if its ruling on this demurrer had been favorable to the demurrant, as it is contended it should have been—thus dismissing the petitioner's action—such ruling would have left the defendant's cross-action still pending in the trial court. *Hudgins Contracting Co.* v. *Redmond Co.,* 176 *Ga.* 90 (2) (166 S. E. 865). The case, therefore, has not been finally determined. Accordingly, the direct bill of exceptions was prematurely sued out; and this court having no jurisdiction, the writ of error is dismissed.

■ The ruling announced in the second headnote does not require elaboration.

*Writ of error dismissed, with direction. All the Justices concur.*