TAYLOR *v.* COOK *et al.*

WYATT, Justice. Boyd E. Taylor filed suit against Obie L. Cook individually and doing business as Cook Printing Company, and Obie L. Cook Printing Equipment Company, and Citizens and Southern National Bank, praying for the recovery of certain alleged overpayments on equipment purchased from Obie L. Cook Printing Equipment Company; for an injunction restraining the defendants from changing in any way the legal status of certain equipment, which it is alleged belongs to Boyd E. Taylor and is in the possession of Obie L. Cook Printing Equipment Company, and for other equitable relief. By amendment

Citizens and Southern National Bank was dismissed as a party defendant. Obie L. Cook Printing Equipment Company filed a general demurrer to the petition and an answer, which set out a cross-action seeking to recover certain sums alleged to be due on equipment purchased by Boyd E. Taylor from Obie L. Cook Printing Equipment Company. Obie L. Cook made an oral motion to dismiss the petition as to him. The court below passed an order sustaining the demurrer of Obie L. Cook Printing Equipment Company, and granting the oral motion of Obie L. Cook to dismiss the petition as to him. The exceptions here are to this order. *Held:*

1. "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Code, § 6-701. In the instant case, the plaintiff in the court below sued joint defendants on a joint cause of action. One of the defendants filed a cross-action, which is pending in the court below. "Where demurrers are sustained as to one or more defendants in a joint cause of action, but the cause is left pending in the court below as to one or more of the defendants, the order sustaining the demurrers as to a part of the defendants can not be reviewed in the Supreme Court while the cause is still pending in the court below as to the other defendants." *Stanley* v. *Greenfield,* 205 *Ga.* 99 (52 S. E. 2d, 467). Since there is a cross-action pending in the court below as to one joint defendant in the instant case, and since a ruling as contended for by the plaintiff in error would not be a final disposition of the cause, the bill of exceptions was prematurely brought, and this court, not having jurisdiction, must dismiss the bill of exceptions. *Hudgins Contracting Co.* v. *Redmond,* 176 *Ga.* 90 (166 S. E. 865). See also *Lacher* v. *Manley,* 139 *Ga.* 802 (78 S. E. 188); *Refuse* v. *Hogan,* 200 *Ga.* 817 (38 S. E. 2d, 417); *Georgia Veneer &c. Co.* v. *Florida National Bank,* 198 *Ga.* 591 (32 S. E. 2d, 465).

2. Leave is granted to the plaintiff in error to treat the bill of exceptions as exceptions pendente lite.

*Bill of exceptions dismissed, with direction. All the Justices concur, except Almand, J., who is disqualified.*

No. 17048. APRIL 10, 1950. REHEARING DENIED MAY 11, 1950.

*Augustus M. Roan* and *Robert M. McCartney,* for plaintiff. *Noah J. Stone,* for defendants.