36875. COPELAND *et al.* v. GEISE.

504

Decided October 16, 1957.

*Robert Edward Surles*, for plaintiffs in error.
*Archibald A. Farrar*, contra.

Townsend, J. ■ There is a motion to dismiss the bill of exceptions on the grounds that (a) plaintiff in error fails to assign error on a final judgment; (b) a nonsuit of the plaintiff can not be a final judgment where the defendant has a cross-action; (c) the refusal to grant a nonsuit is never error where a verdict is returned in favor of the plaintiff, and (d) the evidence does not authorize a verdict for the plaintiff. The last ground will not be considered as it is not a proper ground of a motion to dismiss a bill of exceptions. The first three grounds

are without merit. Code § 6-701 as amended (Ga. L. 1957, pp. 224, 230) provides that no cause is reviewable while pending in the trial court "unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto, or unless the judgment is one sustaining, overruling, or dismissing a plea to the jurisdiction, or a plea of res judicata, or one sustaining or overruling a general demurrer to a caveat to the probate of a will, which would necessarily be controlling as to thé final disposition of the cause." The sustaining of a motion of nonsuit (which in common-law parlance was a general demurrer to the evidence) like the sustaining of a general demurrer to the petition, is final as to the plaintiff's cause, regardless of whether or not the defendant succeeds in proving his own cross-petition or plea of setoff. Therefore, under the "unless" clause of Code (Ann.) § 6-701, the denial of a motion for nonsuit, like the overruling of a general demurrer, is also final because it would have disposed of the plaintiff's cause had it been rendered as claimed by the plaintiff in error. *Rice* v. *Ware & Harper*, 3 *Ga. App.* 573 (1) (60 S. E. 301). The rule as to review of judgments denying a motion to nonsuit is that if the case proceeds to verdict and judgment *and* if plaintiff in error also assigns error on the denial of a motion for new trial on the general grounds, the error relating to the nonsuit will not ordinarily be considered because the appellate court must consider the whole evidence in deciding the motion for new trial. *Hall* v. *Smith*, 41 *Ga. App.* 564 (1) (153 S. E. 778). The court may, however, pass on this issue if it so desires even under these circumstances. *Bentley* v. *Johns*, 19 *Ga. App.* 657 (1) (91 S. E. 999). Accordingly, the motion to dismiss the bill of exceptions is denied.

Where the plaintiff fails to prove his case as laid, nonsuit is the proper remedy, and this is so even though the proof shows that the plaintiff has a cause of action against the defendant which he might have but failed to plead. A plaintiff cannot, as against a motion to nonsuit, rest a tort action on certain negligence of the defendant and then prove other and different negligence (*Moyer* v. *Ramsay-Brisbane Stone Co.*, 119 *Ga.* 734 (3), 46 S. E. 844); nor can he rest a contract action upon cer-

tain express terms and prove other and different terms (*Shomo* v. *Ransom*, 92 *Ga.* 97, 18 S. E. 534). As stated in *Williams* v. *W. & A. R. Co.*, 20 *Ga. App.* 726 (93 S. E. 555): "The case pleaded was not proven, and the case proven was not pleaded, and the court properly granted a nonsuit." See also *Kea* v. *New*, 69 *Ga. App.* 560 (26 S. E. 2d 310); *Conner* v. *Bowdoin*, 85 *Ga. App.* 231 (68 S. E. 2d 619). Here the plaintiff pleaded and proved a contract between itself and the defendant which contained the following stipulations: "If the machine as adjusted, repaired, or replaced, fails to work properly, purchaser may then return the machine to seller by giving seller immediate written notice of his intention to do so and by promptly tendering the machine to seller at the place where it was delivered . . . and requesting a refund of the purchase price, repayment of which shall constitute a settlement in full. . . In no event shall seller be under any liability or obligation unless the written notices herein required of purchaser are given to seller within the time or times herein required, and the failure of purchaser to give said notices shall be conclusively deemed to constitute an unconditional acceptance of the machine by him and a fulfillment or waiver of all warranties. No assistance rendered by seller in the absence of purchaser's compliance with the terms and conditions hereof shall be deemed to constitute a waiver of compliance or as excusing compliance by purchaser, and no such assistance shall impose any obligation or liability whatsoever upon seller." The plaintiff's petition as amended contains the following allegation: "Plaintiff shows that he has fully complied with all the terms of said original contract and has given to the defendants the written notice as provided in said contract for the return of the property sold under said contract." Accordingly, the plaintiff based his right to recover on the proposition that he had complied with all his obligations under the contract which were conditions precedent to the maintenance of the action (See *Brooks Brothers Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (2), 72 S. E. 40; *Kirkland* v. *John Deere Plow Company;* 66 *Ga. App.* 304, 18 S. E. 2d 109), and now contends that it is immaterial that he failed to prove his case as laid because the evidence in fact shows a waiver by the defendant of these contract provisions. It is unnecessary to go into the ques-

tion of waiver for the reason that the sole exception is to the judgment of nonsuit, which does not raise the question of the plaintiff's ultimate right to recover, but only the question of "whether the evidence is sufficient in law to maintain the issue in fact made by the pleadings." *Kelly* v. *Strouse & Bros.*, 116 *Ga.* 872 (4) (43 S. E. 280). While the rule as applied both to nonsuits and to motions for a new trial is that the pleader is not permitted to allege one cause of action and prove another and different cause of action, nevertheless, in consideration of motions for a new trial, evidence which is not objected to may be considered by the reviewing court with the result that, although the pleader has failed to plead his cause of action in its entirety, this defect may be considered as cured by such evidence and the petition, after verdict, is considered as though it had been amended to cover the evidence so admitted without objection thus completing the cause of action. Such a rule would not be applied, of course, where the evidence is in fact objected to and the exception to its erroneous admission is preserved in a special ground of a motion for new trial, because the evidence is not admissible *over objection* until the pleading has actually been amended to cover the issue dealt with therein. As we have pointed out, a motion to nonsuit is in the nature of a demurrer or objection to evidence, and thus differs from a motion for new trial where evidence sufficient to prove the case has been admitted without objection. In *Rice* v. *Ware & Harper*, 3 *Ga. App.* 573 (1f) supra, it is held: "Where a trial judge holds a motion for nonsuit to be well taken, the plaintiff has the privilege, at any time before judgment of nonsuit is actually entered, of amending his pleading, or almost, if not absolutely, as a matter of course, of opening his case and submitting sufficient additional testimony, thus avoiding a nonsuit." In the same way, where evidence is offered during a trial and objected to on the ground that is not relevant to the issues made by the pleadings, the pleader may amend, and so make the evidence admissible, but in the absence of such offer to amend, the erroneous admission of such evidence might be ground for a new trial.

The plaintiff failed to prove his case as laid, for which reason the trial court erred in denying the nonsuit.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*