37894. GRIER *et al.* v. GRIER.

TOWNSEND, Judge. The only judgment on which error is assigned in this bill of exceptions is one overruling and striking a plea of each of the defendants contending that the action should abate for the reason that there has been no legal service upon either of the defendants, and that the entries of service show on their face that the purported service upon each of the defendants is null and void.

Code (Ann.) § 81-201 provides: "No petition shall abate for lack of service until so ordered by the court in which it was filed." There is no order dismissing this petition, and, had the judgment been rendered as contended by the plaintiffs in error, the effect would not have been to dismiss the peti-

tion, but merely to hold that the service shown upon the record was insufficient. This is not such a final judgment, under Code § 6-701 as amended, as may, alone be the foundation for an appeal, since the plea is not a plea to the jurisdiction or any other judgment which under this section could be the foundation of an appeal. Accordingly, the motions to dismiss the bill of exceptions on the ground that it was prematurely sued out are good. As to the merits of the plea, however, see *Scott* v. *Scott*, 192 *Ga.* 370 (15 S. E. 2d 416). *Bell* v. *Stevens*, 100 *Ga. App.* 281.

*Writ of error dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED OCTOBER 5, 1959.

*Frank B. Stow, Robert E. Andrews,* for plaintiffs in error.

*Wheeler, Robinson, Norton & Thompson, Emory F. Robinson,* contra.