38340. CHEMETRON CORPORATION v.
SOUTHERN NITROGEN COMPANY, INC.

DECIDED SEPTEMBER 8, 1960—REHEARING DENIED
OCTOBER 18, 1960.

*Moise, Post & Gardner, Connerat, Dunn, Hunter, Cubbedge & Houlihan, Ormonde Hunter, Kirkland, Ellis, Hodson, Chaffetz & Masters, Thomas M. Thomas*, for plaintiff in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Alex A. Lawrence, Sullivan & Cromwell, William Piel, Jr.*, contra.

BELL, Judge. Under the view we take of this dispute, the first

essential matter to be determined is the question as to whether this appeal is prematurely brought. Stated most succinctly, the action and cross-action between the parties is for breach of a mutual contract. The plaintiff claims damages for its breach, and the defendant counter-claims for damages for breach plus some claims of setoff. In so far as it is relevant here, *Code Ann.* § 6-701 provides: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." We envisage the decisions of the appellate courts of this State under the above statute as being logical, clear, and consistent in holding that an appeal under the realities of the present case is prematurely brought. Accordingly, the appeal must be dismissed.

Under *Code Ann.* § 6-701, and the cases interpreting it, an appeal is premature while the case appealed from is still pending in the court below. The rule against prosecution of piecemeal appeals from interlocutory orders is clear. Is the present case, within the meaning of this statute, still pending in the court below, or has it been finally determined? We feel that it is still pending—not finally determined—because of the pendency of the defendant's counter-claim against the plaintiff in the court below. If the ruling of the trial court on the general demurrer or the motion to dismiss had been rendered as the plaintiff in error contends, this would have left the counter-claim still pending in the trial court. Thus, "the dismissal of the plaintiff's petition and putting it out of court ends the case so far as his obtaining a judgment is concerned, but it does not prevent the defendant from proceeding to judgment with his cross-bill." *Jackson v. Mathis,* 35 Ga. App. 178, 182 (132 S. E. 410).

The plaintiff in error here relies heavily on the case of *Jellico v. Bailie,* 130 Ga. 447 (60 S. E. 998). In the *Jackson* case, supra, (p. 181) the court distinguished an apparent conflict between that holding and the one in the *Jellico* case in the following language: "The case of *Jellico v. Bailie,* . . . is easily differentiated by its facts from the present case. In the *Jellico*

case the Supreme Court held that the auditor to whom the case had been referred erred in not dismissing the petition and 'in retaining it and using it as an admission on which to predicate a judgment;' that 'the defendant cannot put his adversary's case out of court and at the same time retain it in court.' " On the factual situation, what the court stated in the *Jellico* case regarding the defendant's not being able "by demurrer both to dismiss the plaintiff's action and keep it alive" is not applicable to the facts of the present case. All the *Jellico* case held was that where the petition, dismissed on a demurrer, had an account annexed to it, an auditor could not use the account annexed to the dismissed petition as evidence of an admission of the plaintiff that he owed the account and thus render judgment on that evidence against the plaintiff on a setoff.

Furthermore, in *Davis v. Berry Schools*, 59 Ga. App. 549 (1 S. E. 2d 602), it was held that an answer of a defendant in the nature of a cross-bill, which prays for judgment on the note and a judgment setting up a special lien on the land, contains matters germane to that set up in the original petition (in an action to enjoin the exercise of a power of sale as to land under a security deed), and the dismissal of such a petition does not carry with it the answer which is in the nature of a cross-bill. (Also, see the cases therein cited.)

The recent cases of the Supreme Court seem to have settled this issue. Thus, an appeal will not lie from an order overruling a general demurrer to a petition where the defendant has filed a cross-action. In *Hudgins Contracting Co. v. Redmond Co.*, 176 Ga. 90 (2) (166 S. E. 865), the court quoted with approval an earlier decision as follows: "If the ruling of the court on the general demurrer to the plaintiff's petition had been favorable to the demurrant, as it is contended it should have been, thus dismissing the petition, it would have left the cross-petition still pending in the trial court. The case, therefore, has not been finally determined. Accordingly, the direct bill of exceptions was prematurely sued out; and this court, having no jurisdiction, will, on motion, dismiss the writ of error. *Lacher v. Manley*, 139 Ga. 802 (78 S. E. 188)." See also *Refuse v. Hogan*, 200 Ga. 817 (38 S. E. 2d 417), citing with approval and applying

the *Hudgins Contracting Co.* case. Even stronger support for deciding that the issue here is still pending in the trial court is found in *Taylor v. Cook*, 206 Ga. 829 (1) (59 S. E. 2d 243), in which the plaintiff brought suit to recover certain alleged overpayments on equipment purchased from one of the joint defendants. One defendant there filed a cross-action for sums allegedly still due on the contract in suit. The trial court sustained the demurrer of that defendant and granted the oral motion of the other defendant to dismiss the petition as to him. On exception and appeal, the court held: " 'No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto.' *Code* § 6-701. In the instant case, the plaintiff in the court below sued joint defendants on a joint cause of action. One of the defendants filed a cross-action, which is pending in the court below. 'Where demurrers are sustained as to one or more defendants in a joint cause of action, but the cause is left pending in the court below as to one or more of the defendants, the order sustaining the demurrers as to a part of the defendants can not be reviewed in the Supreme Court while the cause is still pending in the court below as to the other defendants.' *Stanley v. Greenfield*, 205 Ga. 99 (52 S. E. 2d 467). Since there is a cross-action pending in the court below as to one joint defendant in the instant case, and since a ruling as contended for by the plaintiff in error would not be a final disposition of the cause, the bill of exceptions was prematurely brought, and this court, not having jurisdiction, must dismiss the bill of exceptions."

Furthermore, where the reverse situation is involved, even without a cross-action of the defendant, where the plaintiff's demurrer to the defendant's answer has been sustained, and the only action yet to be taken is the entering of a judgment against the defendant in the trial court, it has been held that an appeal is prematurely brought to the order sustaining the demurrer to the answer. Thus, in *Dove v. Maxwell*, 184 Ga. 460 (191 S. E. 916), the bill of exceptions assigned error only on a judgment sustaining demurrers to the answer and cross-bill of the de-

fendant and dismissing the same. The court there held that this judgment was not such a final judgment as could be reviewed by a direct bill of exceptions, and the motion to dismiss the writ of error was granted. See also *Cook County v. Thornhill Wagon Co.*, 186 Ga. 835 (199 S. E. 117); *Sanders v. Sanders*, 212 Ga. 244, 245 (91 S. E. 2d 604); *Morton Realty Co. v. Hunter*, 88 Ga. App. 29, 30 (75 S. E. 2d 838); *Sundy v. Allgood*, 93 Ga. App. 741 (92 S. E. 2d 726); *Snelling v. Decker*, 95 Ga. App. 541 (98 S. E. 2d 125).

The latest published consideration of whether an appeal is premature is found in *Miller v. Miller*, 214 Ga. 606 (106 S. E. 2d 284), in which the only judgment complained of was one overruling a general demurrer interposed by the plaintiff in a divorce case to an answer filed by the defendant. No final judgment had been entered by the trial court. It was there held that the judgment complained of was not such a final judgment as may be reviewed by a direct bill of exceptions, and thus the motion to dismiss the appeal was sustained.

While some of the above cases had some prayers for rendition of equitable relief and some were equity cases, we feel, contrary to the contention of the plaintiff in error, that it is immaterial whether the case be legal or equitable in nature, if it is still pending in the trial court, the appeal is prematurely brought under the statute and decisions above cited, and thus must be dismissed. Note that *Code Ann.* § 6-701 does not differentiate between matters on appeal before the Supreme Court, which may include equity situations, and those on appeal before the Court of Appeals which is strictly a court of law. The codified provision applies equally to each and upon any and all causes which may be before either court. This view is further reinforced by the Uniform Procedure Act of 1887 which as stated in *Lacher v. Manley*, 139 Ga. 802, supra, "provides that in suits in the superior court founded on a legal or equitable cause of action, for a legal or equitable remedy or both, relief of an equitable or legal nature may be had in the same action, the dismissal of the plaintiff's petition on demurrer as being without equity will not have the effect of dismissing a cross-bill of the defendant, alleging additional matters germane to the original petition, and

praying affirmative relief, although the relief prayed is not equitable in character and is cognizable in a court of law."

The merger of law and equity alone furnishes a sufficient reason for eliminating any distinction between prematureness of appeals based on whether the matter be legal or equitable in nature.

Since the appeal is prematurely brought, this court is without jurisdiction and the writ of error must be dismissed.

*Writ of error dismissed. Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

BELL, Judge. On the motion for rehearing made in this case, the brief of the plaintiff in error vigorously contends that the cases of *Copeland v. Geise,* 96 Ga. App. 503 (100 S. E. 2d 736), and *Customers Loan Corp. v. Jones,* 100 Ga. App. 653 (112 S. E. 2d 362), authorize the present appeal, and that the opinion of this court holding the appeal was prematurely brought is in error. It is just as strenuously urged that the present opinion is wholly incompatible with the cases of *Rice-Stix Dry Goods Co. v. Friedlander Bros.,* 30 Ga. App. 312 (117 S. E. 762), affirmed 158 Ga. 303 (122 S. E. 890); *Burton v. Meinert & Miller,* 136 Ga. 420 (71 S. E. 870); and *Jellico v. Bailie,* 130 Ga. 447, supra, and that if it is allowed to stand, it will create serious conflicts in the law of Georgia.

As plaintiff in error views the Georgia decisions on the point, they hold in the law cases that the dismissal on demurrer of the plaintiff's petition carries with it the defendant's counter-claim, while the rule in equity cases is uniform that the dismissal of the petition by the trial court on demurrer as being without equity will not carry with it a germane cross-bill seeking affirmative relief.

While we do concede that the cases concerned with the question are not without some conflict and not wholly free from ambiguity, we continue to adhere to the opinion as expressed. However, constrained by the earnestness of the counsel for the plaintiff in error, we feel that further clarification is advisable.

We consider now the cases which are urged upon us as being in conflict with the holding here. The first is *Copeland v. Geise,* 96 Ga. App. 503, supra, where the question at issue was whether the direct bill of exceptions should be dismissed because there

was no assignment of error on the final judgment entered on the verdict but only a recital in the bill of exceptions that the verdict and judgment had been had, coupled with an assignment of error on the denial of the motion for a nonsuit. The case there had been tried in the court below and had resulted in a jury verdict for the plaintiff; thus the trial court had disposed of it. In the *Copeland* case the plaintiff in error wished to test only the court's ruling on the motion for nonsuit. He could not assign error on the verdict and judgment without a motion for a new trial (*Hamilton Nat. Bank v. Robertson*, 177 Ga. 734, 171 S. E. 293), and if he made a motion for new trial on the general grounds this court would not pass on the correctness of the judgment denying the nonsuit. See *Bagwell v. Milam*, 9 Ga. App. 315 (3) (71 S. E. 684). In the *Copeland* case this court held merely that the assignment of error based on the denial of nonsuit was proper since the denial of nonsuit was an appealable judgment. The *Copeland* case, then, is not in conflict with the holding here.

Coming to the case of *Rice-Stix Dry Goods Co. v. Friedlander Bros.*, 30 Ga. App. 312, supra, it is clear that the then Judge Jenkins, later Chief Justice Jenkins, was treating the plea of recoupment in that case, as defined in *Code* § 20-1311, as a matter of affirmative defense rather than as a matter of cross-petition by way of counter-claim. As thus treated, the recoupment was defensive in nature, so that the defendant could not have the plaintiff's petition dismissed and then retain it in court for the purpose of receiving a money judgment in its favor rather than a "deduction from the amount of the plaintiff's damages." As thus interpreted, the rule of *Jellico v. Bailie*, 130 Ga. 447, supra, as later interpreted in *Jackson v. Mathis*, 35 Ga. App. 178, supra, was correctly applied, and is completely in harmony with the holding here. (See the statement of the rule of the *Jellico* case as expressed in the main opinion.)

In *Burton v. Meinert & Miller*, 136 Ga. 420, supra, certain materialmen brought suit to foreclose a lien on the premises on which was erected a house for which they furnished certain material, and for a general judgment for the amount of the account for the material furnished against the owner of the premises on which the house was erected and the contractor who

built the same for the owner. The petition alleged that the defendant Burton contracted for the materials as carpenter and contractor working for Reed, the owner of the land upon which the construction was taking place. This case also had gone to trial in the court below and after the evidence was heard, the trial court had directed a verdict. The Supreme Court held that since the allegations of the petition show that the material furnished by the plaintiffs was sold by them to the defendant Burton as agent of the owner of the premises and there being no allegation that credit was extended to the contractor or that he agreed to pay for the material furnished, the petition should have been dismissed as to the contractor on general demurrer. In the discussion of this phase of the case in the opinion, the statement is made that "As Burton should have been dismissed from the case as a party thereto, the question as to whether Burton's special plea of set-off should have been stricken becomes an immaterial one, and it is unnecessary for this question to be decided." The Supreme Court then cited *Jellico v. Bailie,* 130 Ga. 447, supra, as authority for this statement. The *Burton* case is distinguishable from the present case because there the court held that there was no contract between the plaintiffs and the defendant whose general demurrer should have been sustained, and there was, therefore, no claim on the part of the plaintiff against which the set-off could have been asserted.

We agree with counsel for the plaintiff in error that there is to be found in *Customers Loan Corp. v. Jones,* 100 Ga. App. 653, supra, language which is in conflict with our holding in the present case. Beginning on page 655 this conflicting language reads as follows: "This record contains a motion on behalf of the defendant to dismiss the writ of error on the basis that there is a cross-action still pending in the Civil Court of Fulton County and that therefore the general demurrer dismissing the plaintiff's petition is not a final judgment. We do not find this motion to dismiss meritorious under the construction which has been placed on *Code Ann.* § 6-701 in *Copeland v. Geise,* 96 Ga. App. 503 (100 S. E. 2d 736) and the ruling in *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591 (32 S. E. 2d 465). We have found no authority and no authority has been cited to us

contrary to our ruling that the motion to dismiss is not meritorious." Since this portion quoted states a rule of law incompatible with the decision here and with prior decisions of this court and of the Supreme Court, we accordingly specifically overrule this portion of the case of *Customers Loan Corp. v. Jones,* 100 Ga. App. 653, supra.

We feel that the case of *Jellico v. Bailie,* 130 Ga. 447, supra, upon which plaintiff in error so strongly relies, is fully explained and correctly applied in the main opinion. Furthermore, where the cases treated here may be urged by argumentum to differ with the present opinion, the contention is useless and immaterial, since precisely the same argument may be advanced with respect to the decisions of the Supreme Court in the cases of *Lacher v. Manley,* 139 Ga. 802, supra; *Hudgins Contracting Co. v. Redmond Co.,* 176 Ga. 90, supra; *Dove v. Maxwell,* 184 Ga. 460, supra; *Refuse v. Hogan,* 200 Ga. 817, supra; *Taylor v. Cook,* 206 Ga. 829, supra; and *Miller v. Miller,* 214 Ga. 606, supra.

In summary, since the merger of law and equity in this State, we do not agree that there is one rule in law cases and another in equity cases for the purpose of determining whether or not the ruling complained of would have been a final determination of the case so as to be appealable under *Code Ann.* § 6-701. We thus adhere to the opinion holding that an appeal is prematurely brought upon the overruling of a defendant's general demurrer or a motion to dismiss, where the defendant's counter-claim in the same suit would have been left pending had the trial court sustained the demurrer or granted the motion and dismissed the petition.

Inasmuch as it is necessary to overrule in part a prior decision of this court, the holdings here expressed, both in the main opinion and in the addendum on motion for rehearing, are concurred in by the whole court.

*Motion for rehearing denied. Felton, C. J., Townsend, P. J., Carlisle, Nichols and Frankum, JJ., concur.*