### 39179. CARLOCK v. EMERY.

EBERHARDT, Judge. 1. An order sustaining a demurrer to a motion made pursuant to *Code* § 9-604 to require counsel to produce, prove and show the authority under which he appears in the cause and to disclose the name of the party or parties who employed him and the name of the real party at interest is not a final judgment that may be reviewed by bill of exceptions to this court. *Code* § 6-701, as amended; *Grier v. Grier,* 100 Ga. App. 322 (111 SE2d 256); *Medernach v. Bazemore,* 100 Ga. App. 721 (112 SE2d 272); *Johnson v. Battle,* 120 Ga. 649 (48 SE 128). Such an order makes no final disposition of the cause. See *Felker v. Johnson,* 189 Ga. 797, 802 (7 SE2d 668).

2. An assignment of error that "the court erred in that the court failed to make or conduct an inquiry or investigation in this cause, when it became known and apparent to the court, upon the face of the pleadings in said cause, all of which was before and considered by the court, showing that the attorney purported to represent at one and the same time, and in the same cause of action, namely": an insurance adjuster, an insurance company and an insured, does not assign error on any ruling or judgment of the court and presents nothing for consideration here. "Where there is no assignment of error on any ruling or judgment of the court below, the writ of error will be dismissed." Leverett, Hall, Christopher, Georgia Procedure & Practice, p. 543, § 23-9.

3. Even if the ruling or order complained of would have resulted in a dismissal of the plaintiff's petition had it been made as contended for by plaintiff in error (though it would not have done so here), such ruling or order would not now be reviewable, since the defendant has a cross-action pending. *Taylor v. Cook*, 206 Ga. 829 (59 SE2d 243); *Chemetron Corp. v. Southern Nitrogen Co.*, 102 Ga. App. 577, 580 (117 SE2d 180), and cases therein cited. "This court is without jurisdiction to entertain a bill of exceptions which fails to except to a final judgment." *Southern Ry. Co. v. Floyd County*, 37 Ga. App. 689 (1) (141 SE 497); *Willis v. Daniel*, 39 Ga. App. 670 (148 SE 301).

Accordingly the bill of exceptions must be and it is hereby dismissed. Since the dismissal carries with it the taxing of the costs on appeal against plaintiff in error, it is unnecessary to pass on the motion of the defendant in error to so tax the costs of including superfluous, immaterial and irrelevant matter in the record.

*Writ of error dismissed. Carlisle P. J., and Custer, J., concur.*

DECIDED NOVEMBER 15, 1961.

*George W. Adams*, for plaintiff in error.
*Frank M. Gleason, Wayne Snow, Jr.*, contra.