## 30213. BANKSTON v. SMITH.

JORDAN, Justice.

In an action to foreclose a materialman's lien by Cary Bankston, doing business as Bankston Lumber Company, against the property of Mrs. Augustus Lee Smith, the jury found in favor of the property owner and Bankston appealed to the Court of Appeals. This court granted certiorari to review the ruling by the Court of Appeals in the first division of its opinion. See *Bankston v. Smith*, 134 Ga. App. 882 (1) (216 SE2d 634) (1975).

The materialman enumerated as error the trial judge's charge that it was necessary for the materialman to show that the material was delivered to the property of Mrs. Smith and that it was used in the construction of the home upon her property. The Court of Appeals approved this charge, citing the decision of this court in *Burton v. Meinert & Miller*, 136 Ga. 420 (2) (71 SE 870) (1911), and the decision of the Court of Appeals in *Chambers v. Williams Bros. Lumber Co.*, 80 Ga. App. 38, 43 (55 SE2d 244) (1949). The Court of Appeals stated that a contrary ruling was made in *Horne-Wilson, Inc. v. Smith*, 109 Ga. App. 676 (137 SE2d 356) (1964), and that it would prefer to hold that where there is proof of delivery of materials to the job site, there is a presumption that the materials were used in the construction on such site, but that it was bound by the decision of this court in *Burton v. Meinert & Miller*, supra.

An examination of the record in *Burton v. Meinert & Miller*, supra, reveals that there was no evidence in that case that the materials furnished to the contractor were delivered to the site of the owner's property. One of the materialmen testified further that the property owner's name was not on their records in connection with furnishing materials to the contractor. The rulings in *Burton v. Meinert & Miller*, supra, therefore, do not decide the questions in the present case.

It is the general rule that there is a presumption of the use of materials in a building or improvement arising from the fact of their delivery thereto for that purpose, and the burden is then on the property owner to prove that the material was not so used. 57 CJS 962, Mechanics' Liens,

§ 308; 53 AmJur2d 924, Mechanics' Liens, § 403. The reason for this rule is that it would be too great a burden on the materialman to require him to prove by direct and positive testimony that the materials delivered were actually used in the improvement, and the owner is in a better position to determine whether the materials were used or not.

We think this is the correct rule, and reverse the ruling of the Court of Appeals in the first division of its opinion.

The case is remanded to the Court of Appeals for further consideration consistent with this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 10, 1975 — DECIDED JANUARY 27, 1976.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Clarke, Haygood & Lynch, Harold G. Clarke,* for appellee.